## Gwinner *versus* The Lehigh and Delaware Gap Railroad Company.

1. The Act of April 27th 1855, providing for appeals from the assessment of railroad damages, is repealed by the Act of April 9th 1856, on the same subject.

2. Appeals from such assessments must be entered within 30 days from *filing*, not from the *confirmation* of the report.

3. Acts which, although *in pari materiâ*, grant a right conditioned on different things, are inconsistent; and the inconsistency operates as a repeal.

March 21st 1867.    Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ.    READ, J., absent.

Error to the Court of Common Pleas of *Northampton county*.

On the petition of William Gwinner, the Court of Common Pleas, on the 2d October 1865, appointed viewers to assess the damages done to his real estate by the construction over it of the road of the Lehigh and Delaware Water Gap Railroad Company.

On the 28th of November 1865 the report of the viewers, assessing the petitioner's damages at $3120, was filed and confirmed nisi, to become absolute and judgment to be entered on it unless exceptions be filed in twenty days.

On the 15th of December 1865 the time for filing exceptions was enlarged until the first day of the next term.

"1866.   January 16th being the first day of the term, on motion of plaintiff's counsel the report of viewers is confirmed absolutely and judgment entered by the court thereon for the sum of $3120 in favor of the plaintiff, with costs."   January 23d, the plaintiff appealed.   A rule by the defendant to strike off the appeal was made absolute December 21st 1860, Maynard, P. J., delivering the opinion of the court.   The plaintiff took a writ of error and assigned for error the dismissing his appeal.

*P. Ihrie* and *E. J. Fox*, for plaintiff in error, cited Acts of February 19th 1849, § 11, Pamph. L. 84; 27th April 1855, Pamph. L. 365, § 1, Purd. 839, pl. 13, 14; April 9th 1856, § 3,

[Gwinner *v.* Lehigh Railroad Co.]

Purd. 840, pl. 16, Pamph. L. 289; Robinson *v.* Bulkly, 5 Rawle 227; 1 Bl. Com. 60, note 8; 1 Kent Com. 463; Street *v.* Commonwealth, 6 W. & S. 209; Bank *v.* Commonwealth, 10 Barr 447–9; Brown *v.* Commissioners, 9 Harris 37; Goldson *v.* Buck, 15 East 377; Horner's Lateral Railroad, 1 Wright 337; Neff's Appeal, 9 Harris 247; Dwarris on Statutes 639, 674–5, 702–3; Rich *v.* Keyser, 4 P. F. Smith 86; Uwchlan Road, 6 Casey 156; Jones *v.* Badger, 5 Binn. 462; Hess's Appeal, 1 Watts 257; Black's Case, 6 Harris 434; Royer's Appeal, 1 Pa. R. 227; Stulzfoos's Appeal, 3 Pa. R. 265; Gibson's Mill Road, 1 Wright 255; Stevens's Appeal, 2 Id. 9; Dash *v.* Van Kleeck, 7 Johns. 497; Dalbury *v.* Foster, Carth. 396; Johnston's Estate, 9 Casey 511; 1 Saunders's Pl. & Ev. 40–1.

*H. D. Maxwell* and *H. Green,* for defendant in error, were stopped by the court. In their paper-book they referred to the Acts cited for the plaintiff in error, and also to Dwarris on Stat. 673; Rex *v.* Cator, 4 Burr. 2026; Bartlett *v.* King, 12 Mass. 545; Commonwealth *v.* Cromley, 1 Ashm. 179; Foster's Case, Coke's R. 681; King *v.* Davis, Leach's Cas. 228; 4 Black. Com. 89; Pease *v.* Whitney, 5 Mass. 380; Dash *v.* Van Kleeck, 7 Johns. 497; Livingston *v.* Harris, 11 Wend. 329; Dexter & Limerick Plank Road Co. *v.* Allen, 16 Barb. 15; Johnston's Estate, 9 Casey 511; Street *v.* Commonwealth, 6 W. & S. 212; Brown *v.* Commissioners, 9 Harris 37; Anderson's Appeal, 4 Yeates 35; Ranck *v.* Becker, 12 S. & R. 412; Wills *v.* Kane, 2 Grant 60; Baily *v.* Baily, 8 Wright 274; Weaver's Road, 9 Id. 405.

The opinion of the court was delivered, May 14th 1867, by Agnew, J.—The question in this case is whether the Act of 9th April 1856, Pamph. L. 288, repeals the Act of 27th April 1855, Pamph. L. 365, as to the time when an appeal shall be taken from the award of viewers of damages: Purd. 1861, 839–40, pl. 14, 16. Under the Act of 1855 the appeal must be taken within thirty days after the confirmation of such report. The Act of 1856 enacts, " and *upon the report* of said viewers or any four of them *being filed* in said court, either party, within thirty days thereafter, may file his or their appeal, *from said report to the said court.*" Clearly the filing of the report in court is a different thing from the confirmation of the report after it is filed. Acts which grant a right conditioned on different things are clearly inconsistent. It is this inconsistency which operates as a repeal. That the statutes are in *pari materia* as to the appeal makes no difference; for the appeal, the same thing to which they relate, is conditioned upon a different fact. That the legislature meant to change the terms of the appeal from the

[Gwinner *v*. Lehigh Railroad Co.]

confirmation by the court, to the filing of the report in the court, is obvious from the last clause in the Act of 1856, not noticed in the argument of the plaintiff in error. "If any exceptions be filed *with any appeal* to the proceedings they shall be specially disposed of; and if disallowed *the appeal shall proceed* as provided."

Here the exceptions which must be disposed of before a confirmation can take place are to proceed *pari passu* with the appeal until disposed of, and if disallowed, the appeal goes on. The appeal, therefore, as well as the exceptions, must be before confirmation.

The analogies of practice also discover. the intent of the legislature to proceed in such cases by a filing of the report, appeal or exceptions, judgment and execution or writ of error. The power of the court to order what notices shall be given connected with any part of the proceedings was obviously intended to regulate the practice. It would be highly improper to limit an appeal to a certain number of days after a filing of an award in vacation without notice of the time. A report made up even just before the term might not be filed at that term. Without notice, therefore, an appeal might be lost by being out of time. In this case the time of filing exceptions was extended by the court for more than thirty days, so that it is manifest the party had notice.

Judgment affirmed with costs.