## Fort Pitt B. & L. Ass'n, Appellant, *v.* Model Plan B. & L. Ass'n.

[Marked to be reported.]

*Statutes—Repeal by implication.*

A subsequent statute revising the whole subject-matter of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former.

*Corporations—Charter—Name—Amendment.*

A general power to alter or amend a charter of a corporation implies a power to alter or amend any part of the charter, and necessarily includes the power to alter the name which is part of the charter.

*Change of name of corporation—Acts of April 20, 1869 ; June 13, 1883.*

The act of June 13, 1883, P. L. 122, which authorizes corporations desiring to amend or alter their charters to apply to the governor therefor, repeals the act of April 20, 1869, P. L. 83, which authorized the courts of common pleas to change the name, style and title of corporations.

*Equity—Injunction—Name of corporation — Dismissal of bill — Final decree—Practice, Supreme Court.*

A court of equity has jurisdiction to entertain a bill by a corporation to restrain by injunction another corporation from wrongfully using plaintiff's name.   When such a bill has been dismissed by the lower court on demurrer, the Supreme Court, in reversing the decree, may enter a decree finally disposing of the whole matter, as plaintiff's right rests not in parol, but in the record before the court.

Argued Nov. 8, 1893.   Appeal, No. 279, Oct. T., 1893, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1893, No. 520, dismissing bill in equity.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity to restrain defendant from using name "Fort Pitt Building & Loan Association."

From the bill it appeared that the plaintiff and defendant are building and loan associations, incorporated under act of April 20, 1874, and its supplements; plaintiff's letters-patent bear date July 14, 1892, duly recorded July 18, 1892; and immediately after the issuance of said letters-patent, a complete organization was effected for the purpose of carrying into effect the object of its charter.   Defendant, on Dec. 16, 1890,

was incorporated as the Model Plan Building & Loan Association, and on March 5, 1892, presented its petition to the court of common pleas of Allegheny county to change its name to the Fort Pitt Building & Loan Association, and on April 9, 1892, an order was made by said court granting the prayer of said petition.

It was conceded that the application so made by the Model Plan Building & Loan Association to the court, for leave to change its name to that of the Fort Pitt Building & Loan Association, is in conformity with the act of April 20, 1869, P. L. 82.

It was claimed by plaintiff, that the court of common pleas had no jurisdiction to change the name of a corporation of the second class, organized under the act of April 29, 1874, and its supplements, and all proceedings in said court were a nullity, and that defendant had no legal right to use the name adopted by the plaintiff, and for which it holds letters-patent.

The bill alleged irreparable injury.

Defendant filed a demurrer to the bill alleging (1) that defendant first appropriated the name, (2) is legally entitled to it, and (3) plaintiff has no standing to maintain the bill.  Demurrer sustained.

*Error assigned* was in sustaining demurrer.

*John B. Chapman*, for appellant.—A corporation of the second class, desiring to "improve, amend or alter its charter," comes within provisions of the act of June 13, 1883, P. L. 122, Purd. Dig. 340, § 18.

Since the act of 1883, it has been the practice throughout the state for corporations of the second class, desiring to change their name, to apply to the governor for authority so to do, under the provisions of said act: Excelsior Oil Co., O. A. G., March 31, 1887.

On June 7, 1888, the attorney general instructed the secretary of the commonwealth in an opinion of that date, that the act of 1883 supplied the provisions of the act of 1869, and that the latter was no longer in force as to corporations of the second class: Freedley, Corp. 56; Wetherill Steel Casting Co., 5 Pa. C. C. R. 337.

. In accordance with the opinion of the attorney general a.

" change of name index " has been prepared by the secretary of the commonwealth for use in his office, in which are recorded the names of all corporations of the second class which have changed their names under the act of 1883.

*Morton Hunter*, for appellee, presented no written or oral argument.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893:

The first sections of the acts of April 20, 1869, and June 13, 1883, to use the apt expression of our Brother MITCHELL, in a similar case (Newbold v. Pennock, 154 Pa. 591), " Cannot stand together without establishing two methods of practice for reaching precisely the same result, or making a mongrel method which is not the one prescribed by either statute " in the creation of corporations of the second class. The power which was vested in the court of common pleas by the act of 1869 to " change the name, style and title of any corporation " was necessarily implied in the power which was conferred on the governor by the act of 1883 to improve, amend or alter the articles and conditions of any charter. " The name is an indispensable part of the constitution of every corporation, the knot of its combination, as it has been called, without which it cannot perform its corporate functions. This name is conferred by the charter and cannot be changed without an alteration of the charter. A general power to alter or amend implies a power to alter or amend any part of the charter, and necessarily includes the power to alter the name which is part of the charter:" THAYER, P. J., in Aid Association, 12 W. N. 271. The power to change the name of corporations conferred by the two acts being then the same and held by different but co-ordinate authorities, how shall it be exercised? This question is answered by the principle that a subsequent statute, revising the whole subject-matter of the former, and evidently intended as a substitute for it, although it contains no express words to that effect, must, in accordance with principles of law, as in reason and common sense, operate to repeal the former: Rhoads v. B. & L. Ass'n, 82 Pa. 180. The act of 1883 revised the whole subject-matter of the act of 1869, and was evidently intended as a substitute so far as related to corporations of the second class. A new system was devised and in it a tribunal

was created for the amendment of charters; and the act of 1869 was thereby rendered useless. Acts which grant a right conditioned on different things are clearly inconsistent: Gwinner v. Lehigh, etc. R. R. Co., 55 Pa. 126. The legislature certainly never contemplated, in passing the act of 1883, that the courts of common pleas and the governor should act jointly. If independently, under which act should proceedings be had; and would change of name, made under one, satisfy the other; if refused by one, could a change be granted by the other? Assuming the act of 1869 as still in force, these and other embarrassing questions which might be suggested would give rise to doubt, confusion and endless litigation. There is no apparent reason why this condition of affairs should exist. The methods provided by the two acts looked to precisely the same result; they cannot be harmonized; and the act of 1883 was useless and vain unless it was intended to provide a substitute for the act of 1869. The evident purpose of the legislature in passing the act of 1883 was to provide a new, uniform and exclusive, method for the amendment of charters of corporations of the second class. It follows the change of name of the Model Plan Building & Loan Association authorized by the court of common pleas under the act of 1869 was illegal and void, and that plaintiff has a right to the exclusive use of the corporate name of Fort Pitt Building & Loan Association.

The name being an essential in plaintiff's corporate existence, its further wrongful use by defendant will have a natural tendency to injuriously affect plaintiff's identity and business. For this the law has no adequate remedy and resort was properly taken to the equitable remedy by injunction; and as the plaintiff's exclusive right rests not in parol, but in the record before the court, a final disposition of the matter will now be made: Newby v. Oregon Co., 1 Deady, 609.

The decree of the common pleas, sustaining the demurrer, is therefore reversed; and it is now adjudged and decreed that the plaintiff has a right to the exclusive use of the corporate name, " Fort Pitt Building & Loan Association," and that the defendant, its officers, members, servants, agents and employees be perpetually enjoined and restrained from further using the said corporate name of the plaintiff, and it is further ordered that the defendant pay the costs, including the costs of this appeal.