## Phillips *v.* Barnhart, Appellant.

*Taxation—School tax—Constitutional law—Statutes—Repeals—Title of statute.*

A subsequent statute revising the whole subject-matter of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former.

The general subject of the Act of July 22, 1897, P. L. 305, entitled "An Act to authorize and empower the school directors and controllers of the several school districts within the Commonwealth to levy and collect a per capita tax annually for school purposes," was intended to be a substitute for the legislation theretofore existing with reference to the assessment of school tax on male taxables over twenty years of age, as authorized by the act of April 11, 1862.

The third section of the act of 1897 is so germane to the subject of the statute as to be embraced within the title, notwithstanding the fact that the title does not make special reference to the repealing section.

An occupation tax is not a tax upon property, but upon the calling in which the taxable is engaged; nor is it in a legal sense a tax upon income.

Argued May 18, 1904. Appeal, No. 131, April T., 1904, by defendant, from decree of C. P. Warren Co., Sept. T., 1903, No. 34, enjoining the collection of a tax, in case of D. C. Phillips v. Frank Barnhart, Collector of Taxes, and the School District of Warren borough. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction.

LINDSEY, P. J., found the facts to be as follows :

1. The plaintiff, D. C. Phillips, is a resident of the sixth ward in the borough of Warren, Warren county, Pennsylvania, and has been assessed with the occupation of "laborer" with a valuation of $50.00.

2. The board of school directors of the school district of Warren borough, on June 22, 1903, levied a tax for general school purposes of eight and one-half mills, a sinking fund tax of two mills, a building fund tax of one mill, a tax for the Warren public library of one-half mill, and provided that the whole tax levied for the ensuing year be twelve mills.

3. On the same date, June 22, 1903, the said school board levied a per capita tax of $1.00 for school purposes upon each and every male inhabitant of the borough of Warren, of twenty-one years of age, and upwards.

4. The school board of said district has placed its duplicate in the hands of Frank Barnhart, collector of taxes, for collection, together with the warrant authorizing and requiring him to collect the said taxes, for the borough of Warren, and on the said duplicate the plaintiff, D. C. Phillips, stands charged with the sum of $1.60.

5. The said sum of $1.60 assessed against the plaintiff is composed of a per capita tax of $1.00, and of a tax of twelve mills upon the valuation of the plaintiff's occupation of $50.00, making a tax of sixty cents upon the value of his occupation.

The court entered the following decree :

And now, October 19, 1903, this cause came on and after having been fully heard it is ordered, adjudged and decreed that the defendants, Frank Barnhart, collector of taxes, and the school district of Warren borough, their agents, servants and employees, be restrained and perpetually enjoined by injunction from demanding or collecting the occupation tax for school purposes levied, assessed and apportioned against the said D. C. Phillips as sixty cents, and that the costs be paid by said defendants.

*Error assigned* was the decree of the court.

*D. I. Ball*, for appellants.—The Supreme Court early passed upon the item of occupation tax in Commissioners v. Reynolds, 7 W. & S. 329, giving a wide scope to the application of this term in the acts of assembly. See also Commissioners of Northumberland County (Chapman), 2 Rawle, 73 ; Com. v. Cuyler, 5 W. & S. 275.

Under the statutes the assessments returned by the county commissioners to the board of school directors become, for such purposes, school assessments : Conyngham School District's Appeal, 77 Pa. 265.

It was decided in Kittanning Coal Company v. Commonwealth, 79 Pa. 100, that " the constitution, in declaring that all taxes should be uniform upon the same class, etc., did not mean that the property should be separated from the owners, or that property, not owners, should pay the tax."

The per capita tax is a uniform head or poll tax upon each male inhabitant of the age of twenty-one years and upwards, without reference to the difference in value of their respective

offices, trades, professions or occupations. The individual, and not what he does or earns, or with any reference thereto, is the basis of this taxation.

The act of July 22, 1897, not only creates the per capita tax, a new tax, but in the third section thereof undertakes to repeal the occupation tax, a tax which had been distinctly recognized and grounded in our system of taxation for more than forty years, without any reference to such repeal in the title to the act. The appellants respectfully contend that such attempted repeal is in violation of section 3, of article 3, of the constitution, Pur. Dig. 31, pl. 48 : Com. v. Lloyd, 2 Pa. Superior Ct. 6 ; Dorsey's Appeal, 72 Pa. 192 ; Union Passenger Railway Co.'s Appeal, 81* Pa. 91 ; Beckert v. City of Allegheny, 85 Pa. 191 ; In re Road in the Borough of Phœnixville, 109 Pa. 44 ; Rogers v. Improvement Company, 109 Pa. 109 ; Commonwealth v. Samuels, 163 Pa. 283 ; Evans v. Willistown Township, 168 Pa. 578 ; Ridge Ave. Pass. Ry. Co. v. Philadelphia, 124 Pa. 219 ; Philadelphia v. Railway Company, 142 Pa. 484 ; Pierie v. Philadelphia, 139 Pa. 573 ; Mount Joy Borough v. Lancaster, etc., Turnpike Co., 182 Pa. 581 ; Road in Otto Township, 2 Pa. Superior Ct. 20 ; Stegmaier v. Jones, 203 Pa. 47 ; Dailey v. Potter County, 203 Pa. 593 ; Mansfield's Case, 22 Pa. Superior Ct. 224 ; Com. v. Ayers, 17 Pa. Superior Ct. 352.

Upon the phase of section 3, of article 3, of the constitution forbidding an act to contain more than two subjects, reference is made to Com. v. Lloyd, 2 Pa. Superior Ct. 6 ; Sewickley Borough v. Sholes, 118 Pa. 165 ; Hatfield v. Com., 120 Pa. 395 ; Pierie v. Philadelphia, 139 Pa. 573 ; Com. v. Samuels, 163 Pa. 283.

*Edward Lindsey*, with him *Earl MacDonald*, for appellee.— We contend that the purpose and object of the act of 1897 was to provide a complete system of school per capita tax as a substitute for the former occupation tax for school purposes.

The provisions of the third section of the act of 1897 are germane, related to and connected with the subject of the act, and the subject expressed in the title, so as not to be in conflict with section 3, article 3, of the constitution : Com. v. Hospital, 198 Pa. 270 ; City Sewage Utilization Co. v. Davis, 8 Phila.

625; Johnson v. Harrisson, 47 Minn. 575 (50 N. W. Repr. 923); Banger's App., 109 Pa. 79; Phila. Contributorship v. Com., 98 Pa. 48.

The repeal of previous acts on the same general subject is always germane to the title: Com. v. Moir, 199 Pa. 534; Sugar Notch Borough, 192 Pa. 349.

The act of 1897 clearly shows that it was intended to do away with the school occupation tax, and provide a school per capita tax complete in itself. If the third section were to be held unconstitutional and the balance of the act allowed to stand, the legislation on the subject would be incongruous and inconsistent, and the later act would repeal by implication the legislation inconsistent therewith: Com. v. Cross Cut R. R. Co., 53 Pa. 62; Fort Pitt Bldg. & Loan Assn. v. Model Plan Bldg. & Loan Assn., 159 Pa. 308; Johnston's Est., 33 Pa. 511; Gwinner v. Lehigh, etc., R. R. Co., 55 Pa. 126 ; Blake v. Com., 5 W. N. C. 48; Greenfield Ave., 191 Pa. 290 ; Matter of Huntington, 168 N. Y. 399 (61 N. E. Repr. 643).

Tax laws should be construed strictly against the state. If the meaning is doubtful, the tax payers should have the benefit of the doubt: Eastburn's App., 2 Chest. Co. Rep. 241; Com. v. Frank, 2 Chest. Co. Rep. 243.

OPINION BY HENDERSON, J., December 16, 1904:

The Act of May 8, 1854, P. L. 617 provides a mode by which the several boards of school directors are authorized to assess and collect school tax from year to year. The twenty-ninth section of the act directs " that for the purpose of enabling the board of directors or controllers to assess and apportion the tax for the ensuing school year the county commissioners shall, when required, furnish the president or secretary of the board with a correct copy of the last adjusted valuation of property, subjects and things made taxable in the same, for state and county purposes ; which said property, subjects and things are hereby made taxable for school purposes, according to the provisions of this act." Among the subjects of taxation at that time were " All offices and posts of profit, professions, trades, occupations, and all single freemen above the age of twenty-one years, who shall not follow any occupation or callings."

The several boards of school directors and controllers are required by the thirtieth section of the same act to apportion the school tax pursuant to the act on or before the first Monday in June in each year.

By the 2d section of the Act of May 21, 1857, P. L. 631 it was provided that " Hereafter the tax imposed by section 30 of the act approved May 8, 1854, for the regulation and continuance of a system of education by common schools, on trades, professions and occupations, or on single freemen, shall in no case be less then one dollar." An Act was passed April 11, 1862, P. L. 471, which provides in its fifth section that " upon every resident male taxable, of the age of twenty-one years whose name is found entered upon the last adjusted valuation, furnished according to law to any board of directors or controllers ; . . . . the proper board of directors or controllers shall assess the minimum occupation tax now allowed by law to be collected with the other school tax of the district, now payable by such person."

The Act of July 22, 1897, P. L. 305 is entitled " an act to authorize and empower the school directors and controllers of the several school districts within this commonwealth to levy and collect a per capita tax annually for school purposes." The first section of the act authorizes the several boards of school directors and controllers of the commonwealth " to levy and collect annually a per capita tax of one dollar for school purposes, from each and every male inhabitant of the age of twenty-one years and upwards, within their respective districts." The second section directs that the tax authorized by the first section of the act shall be levied and collected at the same time and in the same manner as school taxes are now levied and collected. The third section declares that the per capita tax authorized by the act " shall be in lieu of the occupation tax for school purposes." The defendant school board has levied and seeks to collect the tax authorized by the act last recited and also the tax authorized by the 5th section of the act of April 11, 1862, and in so doing contends that the 3d section of the act of 1897 is in violation of the 3d section of article 3 of the constitution. The act of April 15, 1834 not only provided for the taxing of offices, professions, trades and occupations but also subjected single freemen. above the

age of twenty-one years who did not follow any occupation or calling, to liability for tax. Neither that act nor the act of 1857, which fixed the minimum amount to be assessed, described the tax as an occupation tax. In the act of April 11, 1862, however, the tax authorized by the act of May 21, 1857 is described as an "occupation tax" and every resident male taxable, of the age of twenty-one years whose name appeared upon the last adjusted valuation was subjected to the payment of the minimum occupation tax. It seems apparent from a consideration of the several statutes referred to that the object of the act of July 22, 1897, was to provide for a per capita tax which should be a substitute for the tax described as an occupation tax in the act of April 11, 1862. The act of 1897 declares that the tax thereby authorized is "in lieu of the occupation tax" and inasmuch as it provides a tax of the same character as that provided by the act of 1862, in part at least, there can be no doubt of the legislative intention to have the tax provided for by the last statute take the place of that authorized by the preceding statutes. The effect of a different interpretation would be to impose two taxes of the same character on a very large number of taxables. The tax which is described as a "minimum occupation tax" in the act of 1862 was not in fact an occupation tax as to male taxables over twenty-one years of age not engaged in any calling, nor, as we have seen, was it described as an occupation tax in the acts of 1854 and 1857. Inasmuch, then, as a uniform tax was imposed upon all male taxables under the act of 1862, it was to all intents and purposes a per capita tax, and the legislation of the act of 1897 was upon the same general subject.

It is to be kept steadily in mind that an act of the legislature is only to be declared unconstitutional where the prohibition is expressed or necessarily implied. To doubt is to be resolved in favor of the constitutionality of the act : Commonwealth v. Butler, 99 Pa. 535. It was said in Sugar Notch Borough, 192 Pa. 349 : "It must not be lost sight of that the attitude of the courts is not one of hostility to acts whose constitutionality is attacked. On the contrary all the presumptions are in their favor and courts are not to be astute in finding or sustaining objections." It was held in Commonwealth v. Hospital, 198 Pa. 270, that if a statute seeks to accomplish one general pur-

pose by one general means it will be deemed to contain but one subject, even though the details or the specific means are multiplied to any extent, provided they are in fact subordinate and germane to the general aim. A subsequent statute revising the whole subject-matter of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former: Ft. Pitt Bldg. & Loan Association v. Model Plan Bldg. & Loan Association, 159 Pa. 308. The court held in Commonwealth v. Moir, 199 Pa. 534, that the repeal of previous acts on the same general subject is always germane to the title. The general subject of the act in question is the levying and collecting of a per capita tax for school purposes, which was intended to be a substitute for the legislation theretofore existing with reference to the assessment of school tax on male taxables over twenty-one years of age, as authorized by the act of April 11, 1862. The 3d section of the act of 1897 is so germane to the subject of the statute as to be embraced within the title, notwithstanding the fact that the title does not make special reference to the repealing section. The per capita tax imposed upon male taxables over twenty-one years of age not engaged in any callings is so joined with the "minimum occupation tax" authorized by the act of 1862 that the whole subject of taxation provided by the latter statute is involved in the act of 1897 and the legislative intent to provide for but one tax is included in the title of that act. An occupation tax is not a tax upon property, but in the language of the statute, upon the calling, in which the taxable is engaged. It was said in Banger's Appeal, 109 Pa. 79, to be a tax upon the pursuit which a man follows; nor is it in a legal sense a tax upon income. We are not at liberty to say that the legislature might not treat it as a per capita tax in the enactment of statutes regulating the assessment and collection of school tax. The learned judge of the court below therefore reached a correct conclusion on the question raised by this appeal, and the decree is affirmed.