## COYNE v. SOUTHERN PAC. CO.

### (Circuit Court, D. Utah. May 20, 1907.)

### No. 910.

1. ACTION—STATUTORY RIGHTS OF ACTION—CONDITIONS IMPOSED BY STATUTE CREATING RIGHT.

When it is sought to enforce a statutory right in another jurisdiction, any restriction or limitation upon such right imposed by the statute which created it must also be given effect.

2. COURTS—ACTION UNDER FOREIGN STATUTE—PERSONAL INJURY—NEVADA STATUTE.

Act Nev. March 23, 1905 (Laws 1905, p. 249, c. 142), which gives a right of action for a personal injury caused by the wrongful act or negligence of another, but which provides that such liability "shall exist only in so far as the same shall be ascertained and adjudged by a state or federal court of competent jurisdiction in this state in an action brought for that purpose by the person injured," supersedes the common law applicable to the subject in the state, and an action to recover for a personal injury received in Nevada, through the alleged negligence of the defendant, cannot be maintained except in a state or federal court in that state.

[Ed. Note.—Jurisdiction as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

At Law. On demurrer to complaint.

Maginnis & Corn and J. H. De Vine, for plaintiff.
Williams, Smith & Willis, for defendant.

MARSHALL, District Judge. This action to recover damages for personal injuries negligently inflicted was instituted by a citizen of Utah on account of an injury received by him on August 31, 1906, in the state of Nevada. A statute of Nevada, adopted March 23, 1905 (Laws 1905, p. 249, c. 142), provides:

"Section 1. Whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury shall be liable to the person injured for damages; and where the person causing such injury is employed by another person or corporation so responsible for his conduct, such person or corporation so responsible shall be liable to the person injured for damages.

"Sec. 2. Such liability, however, where not discharged by agreement and settlement shall exist only in so far as the same shall be ascertained and adjudged by a state or federal court of competent jurisdiction in this state in an action brought for that purpose by the person injured.

"Sec. 3. This act shall take effect and be in force from and after its passage.

"Sec. 4. All acts and parts of acts and laws in conflict with this act are hereby repealed."

The question presented by demurrer is whether this action can be maintained in Utah. The first section of the act quoted is declaratory of the common law theretofore existing in Nevada. The second section clearly limits the right. The statute as a whole supersedes the common law applicable to the subject. By a completeness of statement it covers the entire field, and was intended as a revision of the law. By section 4, not only conflicting statutes, but inconsistent laws, are repealed. Thereafter the plaintiff's right was no less an exclusively statutory right because the same facts would have created a right under prior common law principles. Commonwealth v. Marshall, 11 Pick. (Mass.) 350, 22 Am. Dec. 377; Commonwealth v. Cooley, 10 Pick. (Mass.) 37; Gorham v. Luckett, 6 B. Mon. (Ky.) 146; Gwinner v. Lehigh, etc., R. R. Co., 55 Pa. 126. Viewed as a statutory right, it must be admitted that the state creating the right can attach to it any valid condition, so that, when the right is sought to be vindicated in another state or in a foreign country, the condition must also be applied. Hamilton v. R. R. Co., 39 Kan. 56, 18 Pac. 57; Slater v. Mexican Nat. R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900; Minor's Conflict of Laws, § 202. "As the only source of this obligation is the law of the place of the act, it follows that that law determines not merely the existence of the obligation (Smith v. Condry, 1 How. [U. S.] 28, 11 L. Ed. 35), but equally determines its extent. It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose." Slater v. Mexican Nat. R. R. Co., supra. In Nonce v. Richmond & D. R. Co. (C. C.) 33 Fed. at page 435, it is said:

"A cause of action arising under a statute may be made local by the express terms of the statute; and, if the provisions of such law are not complied with, the right thus conferred may be extinguished, and cannot be enforced in the court of another state."

At common law such an action as this was transitory, and a suit for trespass to real property local; but this common-law distinction is not removed from legislative control, and, when the place of trial is attached to the right as a condition, I know of no authority to recognize the right and ignore the condition, unless it is violative of some superior law. As the statute in question does not discriminate against federal courts, there is no basis for questioning its validity.

The demurrer will be sustained, and the action dismissed.