### 5042.   GIPSON v. LOUISVILLE & NASHVILLE RAILROAD CO.

HILL, C. J. The first count of the petition in this suit, brought under the Alabama statute, is controlled by the decision of this court in *Tennessee Coal &c. Co.* v. *George,* 11 *Ga. App.* 221 (75 S. E. 567). Under the ruling announced in that decision, it was erroneous for the trial judge to sustain the demurrer to the first count of the petition. The second count was properly stricken.      *Judgment reversed.*

DECIDED OCTOBER 7, 1913.

Action for damages; from city court of Atlanta—Judge Reid. June 14, 1913.

The action was for damages on account of personal injuries alleged to have been received by the plaintiff while in the employment of the Louisville & Nashville Railroad Company, repairing a car at its shop at Boyles, in the State of Alabama. In the first count of the petition section 3910 of the Code of Alabama of 1907, as amended by act of April 18, 1911, is set out as the basis of the plaintiff's right to recover. This section as amended provides that "When a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employee as if he were a stranger, and not engaged in such service or employment, provided such liability is enforced in a court of competent jurisdiction within the State of Alabama, and not elsewhere, in the cases following." This language is followed by provisions which are set out in the report of the case referred to in the foregoing decision (11 *Ga. App.* 221-2, 75 S. E. 567). It is alleged, that on March 22, 1912, the plaintiff was at work at the above-stated place, repairing a gondola car, used for coal slag, and "was drifting a bolt out of the side plank over the drop doors, and was sitting on the tumbling shaft that comes through the car, . . petitioner being on the inside of the car, side drop doors opening underneath the said car. . . Bartlett was foreman of track number 6, on which . . petitioner was at work; and Satterfield was subject to Bartlett's orders. . . Petitioner was subject to Bartlett's orders. Bartlett ordered . . petitioner to go inside the car and drift the said bolt out of said plank over the drop doors as aforesaid. . . While . . petitioner was knocking said bolt out as he had been ordered to do by the said Bartlett as aforesaid, the said Bartlett ordered Satterfield to knock up the latch that holds the doors. . . Petitioner got up to get off the tumbling shaft, and just as he was

straightening up, still astride of the said tumbling shaft, which is of steel or iron, the said drop doors were released, and fell from under . . petitioner, throwing him violently on the said shaft and knocking him unconscious, inflicting upon him . . bodily injuries" described. "13. Said defendant was negligent in that the said foreman who was in charge of repairing the said car ordered the said Satterfield to knock up the latch and thus release the drop doors as aforesaid. 14. Said defendant company was negligent in that the said Bartlett, who had at the time herein mentioned the superintendence of the repairing of said cars entrusted to him, caused said doors to be released as aforesaid, without giving . . petitioner an opportunity to get off of said shaft, and without giving . . petitioner any warning of his intention to drop the said doors as aforesaid. 15. Said defendant company was negligent in that the said Satterfield, in obedience to the instructions given him by the said foreman Bartlett, lowered the said drop doors as aforesaid." It is alleged that the injuries were inflicted without fault or negligence on the part of the plaintiff.

The second count does not refer to the statute set out in the first count. Otherwise its allegations are the same as those of the first count, except that it omits the paragraph in which it is alleged that the defendant was negligent in that Satterfield, in obedience to the instructions of Bartlett, lowered the drop doors.

The defendant demurred to the first count, on the grounds, (1) that it fails to set forth a cause of action; (2) that it does not show a cause of action under the laws of Alabama; (3) that under the provisions of the statute set forth in that count, no right of action exists except where the liability is enforced in a court of Alabama; (4, 5) that it is not alleged that the plaintiff did not know of the instructions given by Bartlett to Satterfield to knock up the latch and release the drop doors; (6) that the defendant is not liable for acts of Satterfield, unless they were negligent acts in conformity to orders negligently given by one who was entrusted with superintendence; and (7) that it does not appear that the duty of the plaintiff required him to stand on the drop doors, or that to be upon the drop doors was proper for him in doing the work he was called upon to do, or that Bartlett knew he was standing on the drop doors.

To the second count the defendant demurred, on the grounds,

(1) that no statute of Alabama is set forth on which liability can be or is based; (2) that if there is no statute of Alabama on the subject, the presumption is that the common law is of force in that State; and at common law the defendant would not be liable under the allegations in this count; (3) that under the allegations in this count, Bartlett, who is styled foreman, was a fellow servant of the plaintiff, and the plaintiff could not recover for injuries inflicted because of the negligence of Bartlett; (4) that it is not alleged that the plaintiff did not know of Bartlett's order to Satterfield; and (5) it does not appear that it was the plaintiff's duty, or proper for him, to stand on the drop doors, or that Bartlett knew he was standing on them.

In a subsequent demurrer it is stated that an amendment to the petition was allowed, subject to demurrer; and, with reference to the petition as amended, the 1st, 2d, and 3d grounds of the original demurrer to each count are repeated. The amendment is not in the record sent to the Court of Appeals, and is not specified in the bill of exceptions as a material part of the record to be sent to this court. The demurrer to the petition as amended was sustained, and the petition dismissed. The plaintiff excepted.

*Atkinson & Born, Gibson & Davis,* for plaintiff, cited: On the first count: Denick *v.* Railroad Co., 103 U. S. 11; Stewart *v.* B. & O. Railroad, 168 U. S. 445; Atchison &c. Ry. *v.* Sowers, 213 U. S. 56; *Tennessee Coal &c. Co.* v. *George,* 11 *Ga. App.* 321; *Sou. Ry. Co.* v. *Decker,* 5 *Ga. App.* 21, 34; *Sou. Ry. Co.* v. *Robertson,* 7 *Ga. App.* 154-63; 2 Rose's Code, Fed. Proced. §§ 1803-4; Martin *v.* P. & L. E. Railroad, 203 U. S. 284. As to the second count: *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609; *Williams* v. *Garbutt Lumber Co.,* 132 *Ga.* 221; *McDuffie* v. *Ocean S. Co.,* 5 *Ga. App.* 125; s. c. 6 *Ga. App.* 671; *Sparta Oil Mill* v. *Russell,* 6 *Ga. App.* 295; *Whitfield* v. *L. & N. R. Co.,* 7 *Ga. App.* 271; *Brown* v. *Mass. Mills,* 7 *Ga. App.* 643; Hop. Pers. Inj. § 279.

*Tye, Peeples & Jordan,* for defendant, cited: On the first count: Slater *v.* Mexican Nat. R. Co., 194 U. S. 120; Dennis *v.* Atlantic Coast Line R. Co., 49 S. W. 869; Smith *v.* Condy, 1 How. 28; Coyne *v.* Sou. Pac. R. Co., 155 Fed. 683; Nonce *v.* R. & D. R. Co., 33 Fed. 435; *Selma &c. R. Co.* v. *Lacy,* 49 *Ga.* 106; *Tenn. Coal &c. Co.* v. *George,* supra, distinguished. As to the second count: *Brush Electric Light Co.* v. *Wells,* 110 *Ga.* 192.