## Buchman v. North.

*E. E. Creps* and *A. Samuel Buchman,* for plaintiff.

*Samuel W. Miller,* for defendant.

LANGHAM, P. J., June 1, 1929.—This case is before us by reason of the fact that Pauline Buchman, the owner of a certain piece, parcel or lot of land in the Borough of Blairsville, upon which are erected buildings and improvements, situate at N. W. corner of Market and East Lane Streets, known as Nos. 133, 135 and 137 Market Street, being desirous of making some repairs, made application to the above-named defendant for a permit to do so, whereupon she was refused. The application is as follows:

Mr. T. C. North, Building Inspector, and                    October 25, 1928.
      To the Blairsville Borough Council:
    Dear Sirs: I hereby make application to you for permit to do and make the following repairs, to premises No. 131, 133, 135 and 137 E. Market St., Blairsville, Pa. (known as corner Market Street and East Lane):
      1. To repair defects in roofs.

444

2. To repair, strengthen and re-enforce rear portions of roof and roofing extending from premises No. 135 E. Market Street (lately occupied as a Pool Room).

3. To replace the broken and displaced portions of concrete base and siding along the East Lane side of premises at No. 135 E. Market Street.

4. To repair and renew all necessary electric wiring and attachments to comply with Underwriters requirements.

5. To paint all exterior woodwork.

6. To replace all exterior tin-metal brick patterned siding, or recover exterior sides with slate surface shingles of fire-proof material.

7. To close openings on second floor at No. 137 E. Market St., facing East Lane.

All of the above to be with approved, fire-proof materials and all of above to include the necessary and incidental repairs to same so as to render same a good and workmanlike job.

Very truly yours,

PAULINE BUCHMAN,

By A. SAMUEL BUCHMAN.

A hearing on this matter was had in open court, testimony taken, and, as a result of said hearing, the following facts are found by the court:

*Findings of fact.*

1. That Pauline Buchman, plaintiff, who now resides in the City of Philadelphia, Pennsylvania, and is a citizen of the United States, is the owner of a piece, parcel or lot of land, in the Borough of Blairsville, Indiana County, Pennsylvania, situate upon the N. W. corner of Market Street and East Lane, in said borough, upon which three buildings are erected, known as Nos. 133, 135 and 137 on Market Street.

2. That by a written application dated Oct. 25, 1928, the plaintiff applied for a permit to repair the premises mentioned in paragraph one hereof, and which application was refused by defendant.

3. That the buildings sought to be repaired are within the fire limits as designated by the Building Code Ordinance of the Borough of Blairsville, approved July 3, 1928.

4. That the contention of the defendant is that Ordinance No. 71 of the said borough, approved March 4, 1924, applies in this case, wherein it is provided, *inter alia*, that "No dwelling-house, shop, warehouse, store, carriage-house, garage, stable or other structure shall be constructed, or substantially repaired, except of brick, stone, iron or other incombustible material;" and that said ordinance provides that the burgess of the borough shall issue the permit after certain designated plans and specifications as to the character of the repairs are approved by the borough council.

5. That section 5 of the Ordinance approved July 3, 1928, is as follows:

"Section 5. Repairing Frame Buildings Within Fire Limits. Any existing frame building within the fire limit, which may hereafter be damaged by fire, decay or otherwise to an amount greater than one-half its present value, exclusive of the foundation, shall not be repaired or rebuilt but shall be removed."

6. That no evidence was submitted that the building in question, since the enactment of the Ordinance (July 3, 1928), of which the above section 5 is a part, has been "damaged by fire, decay or otherwise to an amount greater than one-half its present value."

7. That since the year 1912 more than ten or twelve thousand dollars have been expended by way of repairs and alterations upon the buildings in question.

8. That the character of the repairs necessary to be made and the character of the repairs proposed to be made are not such as to warrant a refusal of a permit under any existing ordinance in force.

We are fully aware that a mandamus should not issue to compel the performance of an act which will work a public or private mischief. We are not convinced that any such condition will obtain if a permit as asked for is granted and the work completed accordingly. In this expression of our conviction of the situation in this case, we must not be understood as charging T. C. North, Borough Manager, with stubbornly and arbitrarily refusing a permit, but naturally, and we think very properly, he conferred with the borough council and burgess, who, in their great desire to eliminate every vestige of unsightly frame buildings along the main street of their town, and also their great desire to do everything they can to beautify their home city, advised against the granting of a permit to repair the premises in question along the lines proposed, and thus drew the reins of their discretionary powers too tightly upon this applicant for a permit. Personally, I share with the Council, Burgess and other good citizens of Blairsville in such laudable motives, because we have many old frame buildings in our town, and I suppose in every old town, that we would like to see obliterated, but to do so we cannot controvert the Constitution of the United States by judicial decision that would result in depriving the individual owner of property, or property rights, "without due process of law."

The uncontradicted evidence of the plaintiff by two competent contractors and carpenters showed that the cost of doing all the work contemplated by the applicant would be from $750 to $950, and that such repairs would put the premises in a good condition, and at least in as good condition as it has been for the past ten years.

The testimony of the representative of the State Bureau of Fire Protection, to our mind, was practically valueless, because his conclusions were largely, if not solely, based upon what somebody told him.

The testimony of A. S. Buchman, acting and speaking for the plaintiff, was that she offered to repair the premises in question in such manner and to such extent as the defendant and the members of council would reasonably require, and this testimony was not denied.

We are of the opinion that Ordinance No. 71, approved March 4, 1924, offered in evidence under objection of plaintiff, is repealed by the Ordinance of July 3, 1928, particularly No. 120-A, which codifies all the ordinances affecting the subject in controversy, wherein it states that "All ordinances and parts of ordinances inconsistent herewith are hereby repealed."

Defendant contends that plaintiff's request for a permit does not comply with sections 3 and 4 of said Ordinance No. 71, approved March 4, 1924. We agree that plaintiff's application does not comply with the requirements therein stated, but if we are right in our opinion that Ordinance No. 71 has been repealed by Ordinance 120-A, approved July 3, 1928, that contention is eliminated from our consideration.

"The rules governing repeal of statutes apply to the repeal of ordinances:" 43 Corpus Juris, 562.

"So a later ordinance containing a general repealing clause repeals a former one, when the first two sections of each are the same and all other matter of the first is supplied by adequate provisions in the second:" 43 Corpus Juris, 564; Com. v. Lebanon City, 7 Dist. R. 163.

"An implied repeal is effected whenever the later ordinance is so *incompatible* with, or *repugnant* to, the former that both cannot stand together in

a system of laws:" 43 Corpus Juris, 564; Leader Printing Co. *v.* Cauffiel, 23 Dist. R. 157; Com. *v.* Lebanon, *supra.*

"The rules of construction of ordinances are the same as of statutes" (Johnson *v.* Philadelphia, 60 Pa. 445), "and as is the case with statutes, ordinances are ordinarily to be construed according to the ordinary meaning of the language used therein:" 43 Corpus Juris, 571.

"A later statute repeals an earlier one, *if it covers the same subject* and in general terms repeals all other laws within its purview:" 36 Cyc., 1071; The San Pedro, 2 Wheaton (U. S.), 132.

"Where, however, a later act covers the *whole subject* of earlier acts and embraces new provisions, and plainly shows that it was intended, not only as a substitute for earlier acts but to cover the *whole subject* then considered by the legislature, and to prescribe the only rules in respect thereto, *it operates as a repeal of all former statutes relating to such subject-matter, even if the former acts are not in all respects repugnant to the new act:*" Fort Pitt B. & L. Ass'n *v.* Model Plan B. & L. Ass'n, 159 Pa. 308; Knoblauch's License, 28 Pa. Superior Ct. 323; Phillips *v.* Barnhart, 27 Pa. Superior Ct. 26; In re Wetherill Steel Casting Co., 5 Pa. C. C. Reps. 337; Allegheny City *v.* McClurkan, 14 Pa. 81.

### Decree and order of court.

And now, June 1, 1929, upon due consideration of the foregoing opinion, it is adjudged and decreed that the mandamus prayed for and issued be granted and made final; and it is further ordered and directed that T. C. North, Borough Manager and Building Inspector of the Borough of Blairsville, defendant, issue the permit to Pauline Buchman, plaintiff, as prayed for and requested in application bearing date Oct. 25, 1928. It is further ordered and directed that the costs of this proceeding be paid by the Borough of Blairsville.

From James L. Jack, Indiana, Pa.