## North Sewickley Township School Dist. v. Smith

*Swaney & Lucas*, for plaintiff.
*Clyde Holt*, for defendant.

READER, P. J., March 28, 1940. — The above-entitled case is before us on an appeal from a judgment entered before Floretta L. Smith, an alderman in and for the City of Beaver Falls, Beaver County, Pa. The suit was brought by the School District of North Sewickley Township, Beaver County, Pa., to recover the amount of per capita taxes levied and assessed against defendant, Jacob Smith.

It appears that a per capita tax of $5 was levied and assessed against said defendant for each of the years 1934, 1935, 1936, and 1937. An appeal having been taken from the judgment of the alderman by defendant, he, through his counsel, entered into a stipulation with counsel for the school district stipulating the facts to be considered by the court in disposing of the case. The case was submitted by both parties upon the basis of this stipulation.

As stated the stipulation shows a levy of such tax for the years referred to. In each case the stipulation contains a copy of the resolution adopted by the said school district, and a statement of the aye and no vote by which the resolution in each case was adopted. It also appears from the stipulation that this levy was included in the tax duplicate placed in the hands of the tax collector for said school district, and that by resolution properly adopted the tax collector was authorized to collect such taxes and that the warrant for the collection thereof was issued to him by said school district. It also appears that a separate real estate tax was levied for the same years.

Two questions were raised by counsel for our determination. The first is whether defendant is liable for the payment of such per capita tax, and the second is whether it may be collected by an action of assumpsit in the manner attempted in this case.

We think it is clear under the provisions of the School Code of May 18, 1911, P. L. 309, art. V, sec. 542, as amended by the Act of July 17, 1919, P. L. 997, sec. 1, and by the Act of May 11, 1921, P. L. 508, sec. 4, 24 PS §631, that such tax may be lawfully imposed. We think there is no question of defendant's liability to pay such taxes. Quite a number of years ago in a case, the title of which we do not recall, and in which we seem to have made only an order without an opinion, we held that under the legislation in question a school district could not levy a per capita tax and also a tax on the occupation of the taxable, we being of the opinion that the occupation tax was in the nature of a personal tax and that to levy both would be a duplication. This is the effect of the decision of the Superior Court in the case of Phillips v. Barnhart, 27 Pa. Superior Ct. 26. In that case the occupation tax was stricken off, and the school district was permitted to collect only the per capita tax. In this case the stipulation filed does not show that any tax was levied and assessed against defendant as an occupation tax. If such is the case, though not appearing by the stipulation, we think justice could be done to defendant by crediting him on account of the judgment to be entered with the amount of the occupation tax assessed against him and paid by him.

We think there is no question of the right of the school district to proceed by action of assumpsit to collect these taxes. This seems to be the effect of the School Code, supra, art. V, sec. 503, 24 PS §384. We are satisfied that the alderman·was justified in entering the judgment appealed from.

## Order

Now, to wit, March 28, 1940, it is hereby ordered, adjudged, and decreed that judgment be and hereby is entered in favor of the School District of the Township of North Sewickley and against defendant, Jacob Smith, in the sum of $20, with a penalty of 10 percent, in all for the sum of $22, with costs of suit.