## Brown v. Harer et al.

*Malcolm Muir*, for plaintiff.

*John C. Youngman*, for defendant.

GREEVY, J., April 20, 1955.—This is a declaratory judgment proceeding. The proceedings consist of the petition filed by J. Clyde Brown, and an answer filed by W. Clyde Harer, one of the defendants, the latter setting forth that he is not opposing the granting of the judgment. No answer or appearance was filed on behalf of the other defendant, Meredith M. Vannaucker. No testimony was offered in the case.

The essential facts necessary to the determination of the issue are set forth in the petition and are not disputed, and from them we make the following

### Findings of Fact

1. J. Clyde Brown is an individual residing in the City of Williamsport, County of Lycoming, and Commonwealth of Pennsylvania, and is presently serving as recorder of deeds and register of wills, hereinafter referred to as register and recorder, of Lycoming County, for a term which will expire the first Monday in January 1956.

2. J. Clyde Brown is a candidate for the Republican nomination for the office of Treasurer of Lycoming County for a four-year term, commencing the first Monday of January 1956.

3. W. Clyde Harer is an individual residing in the Borough of Duboistown, County and Commonwealth aforesaid, and is a candidate, in opposition to the petitioner, for the Republican nomination for the office of Treasurer of Lycoming County for a four-year term, commencing the first Monday of January 1956.

4. Meredith M. Vannaucker is an individual residing in the Borough of Jersey Shore, County and Commonwealth aforesaid, and is a candidate for the Democratic nomination for the office of Treasurer of Lycoming County for a four-year term, commencing the first Monday of January 1956.

5. W. Clyde Harer and Meredith M. Vannaucker are taxpayers and electors of the County of Lycoming and this action joins them as representatives of a class composed of all other taxpayers and electors of Lycoming County desiring to be joined as defendants.

6. J. Clyde Brown may rightfully be a candidate for nomination of county treasurer at the municipal primary and if nominated may rightfully be a candidate at the municipal election for said office.

*Discussion*

The question raised by the pleadings is one in law to which we address this opinion. The substance of the question is: "May a register and recorder in a fifth class county rightfully be a candidate for the office of county treasurer for a term commencing at the expiration of his present term of office as register and recorder?"

The Act of May 27, 1841, P. L. 400, sec. 3, 16 PS §3011, provides, inter alia:

"No . . . register of wills, recorder of deeds . . . shall be eligible to election as county treasurer during their continuance in office. . . ."

The Act of May 2, 1929, P. L. 1278, which is a complete recodification of the laws relating to several classes of counties, including counties of the fifth class, provides, in article 3, sec. 142, 16 PS §142, as follows, inter alia.

"No . . . register of wills, recorder of deeds . . . shall be eligible to serve as county treasurer during their continuance in office."

This act in its general repealer, section 1052, 16 PS §1052, provides:

"All other acts and parts of acts inconsistent with this act are repealed."

The 1929 Act prohibits one individual holding simultaneously both offices of register and recorder and county treasurer. By implication it authorizes a register and recorder to be a candidate for the office of county treasurer so long as there is no overlapping of terms. The 1841 Act prohibits a register and recorder from being a candidate for county treasurer. The Act of 1929 revises the subject matter of the Act of 1841 and was evidently intended as a substitute so far as relates to the question before us, and although the act contains no express words to that effect it operates to repeal the earlier Act of 1841. See Johnston's Estate,

33 Pa. 511 (1859) ; Rhoads v. The Hoernerstown Building & Savings Association, 82 Pa. 180 (1876) ; Fort Pitt B. & L. Association v. Model Plan B. & L. Association, 159 Pa. 308 (1893).

The matter of granting relief for a declaratory judgment is discretionary with the court and it is our opinion that the relief as prayed for by petitioner should be granted.

. We make the following

### Conclusions of Law

1. The Act of May 27, 1841, P. L. 400, sec. 3, makes a register and recorder ineligible for election as county treasurer during his continuance in office as register and recorder.

2. This provision of the 1841 Act was repealed by the Act of 1929.

3. The Act of May 2, 1929, P. L. 1278, article 3, sec. 142, makes a register and recorder ineligible to serve as county treasurer during his continuance in office as register and recorder.

4. This is a class action binding defendants and all other taxpayers and electors of Lycoming County.

5. J. Clyde Brown may rightfully be a candidate for nomination by the Republican Party at the municipal primary to be held May 17, 1955, for the office of Treasurer of the County of Lycoming for a four-year term commencing the first Monday in January 1956, and if nominated may rightfully be a candidate at the municipal election for the office of Treasurer of the County of Lycoming.

### Order

And now, to wit, April 20, 1955, upon consideration of the petition and answer filed in the case, and argument thereon, it is ordered, adjudged and decreed that J. Clyde Brown may rightfully be a candidate for nomination by the Republican Party at the municipal

primary to be held May 17, 1955, for the office of Treasurer of the County of Lycoming for a four-year term commencing the first Monday in January 1956, and if nominated may rightfully be a candidate at the municipal election for the office of Treasurer of the County of Lycoming.