Werner et al., Appellants, *v.* King et al.

Argued November 29, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter E. Glass,* with him *Scott S. Leiby* and *William A. McGuire,* for appellants.—The Supreme Court Equity Rules are adopted under the authority of section 13 of the Act of June 16, 1836, P. L. 789. It has been held many times that these rules have the force of a statute, and must be strictly complied with, and that the courts of common pleas can neither disregard or suspend them, nor adopt other rules inconsistent with them: Cassidy v. Knapp, 167 Pa. 305; Gibbon's App., 104 Pa. 587; Palethrop v. Palethrop, 184 Pa. 585; Chester Traction Co. v. R. R. Co., 180 Pa. 432; Beatty v. Harris, 205 Pa. 377.

The repeal of an earlier statute by implication is sometimes held, but such repeals are not favored by the courts. In Provident Life & Trust Co. v. Klenner, 257 Pa. 91, Mr. Justice MESTREZAT said: Where the revised statute itself declares what effect it is to have on earlier acts, no other interpretation should be given to it: Com. v. Curry, 285 Pa. 289; Allegheny City v. McClurkan, 14 Pa. 81; Citizens Elec. L. & P. Co. v. Power Co., 255 Pa. 145; Reading City v. Shepp, 2 Pa. Dist. 137; Provident L. & T. Co. v. Klenner, 257 Pa. 91.

*Philip S. Moyer,* Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellee.—The questions here raised have become moot: Com. v. Gilliam, 98 Pa. Superior Ct. 77.

The court below had authority to award a rule to show cause on application for a preliminary injunction: Gibbons's App., 104 Pa. 587.

The department of revenue was not required to pub-
lish the mercantile appraisers' lists in a minority party
newspaper.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1933:

By the Act of July 15, 1919, P. L. 963, amending sec-
tion 3 of the Act of May 2, 1899, P. L. 184, it is pro-
vided that "the auditor general shall publish the mer-
cantile appraisers' list of names and classification of
each person subject to license in not less than two nor
more than three newspapers of general circulation pub-
lished in the respective county, *one of which newspapers
shall represent the minority party of the two principal
parties of the county."* Interpreting this to mean that
the list could not legally be advertised in more than two
"newspapers [which] shall represent the [majority]
party" in a county; and that the italicized words above
continued in force, although section 1204 of the Fiscal
Code of April 9, 1929, P. L. 343, hereinafter quoted,
vested the duty of advertising the lists in the department
of revenue, and did not contain those or any similar
words, plaintiffs, as taxpayers, filed the bill in equity
in this case, praying an injunction against payment for
the advertisement of the lists in more than two newspa-
pers representing the majority party in four specified
counties, each of which had "a population of less than
one million." The court below disagreed with plain-
tiffs' contention and dismissed their bill; whereupon
they appealed. This disagreement raises the substantial
question in the case.

The Fiscal Code is a comprehensive act of more than
two hundred paragraphs, and is intended, as specified
in section 2 (P. L. 349.), "to define the powers and du-
ties of the department of revenue, the treasury depart-
ment, the department of the auditor general, the sec-
retary of the Commonwealth, the board of finance and
revenue, the board of fish commissioners, the board of
game commissioners, county treasurers, registers of

wills, mercantile appraisers, and other statutory agents, with respect to the collection of taxes and other moneys due the Commonwealth, the custody and disbursement or other disposition of all funds and securities belonging to or in the possession of the Commonwealth, and the settlement of claims against the Commonwealth." Section 1805 of the Act (P. L. 440) expressly repeals certain named statutes (not including, however, the Act of July 15, 1919, supra) and further specifies that "All acts and parts of acts supplied by this act are hereby repealed. ......" It follows that if the section of the Act of July 15, 1919, above quoted, is "supplied" by the Fiscal Code, that section is repealed thereby.

Section 1204 of the Code (P. L. 404) provides that "The department of revenue shall exercise the following powers, and perform the following duties, heretofore exercised and performed by the auditor general, in connection with the collection of mercantile license taxes. ......

"The department of revenue shall have the power, and its duty shall be, ......

"(b) To prepare and furnish to the mercantile appraisers forms of notice to be left by them with vendors of or dealers in goods, wares, and merchandise, brokers, agents, or factors, and other persons assessable for license tax purposes, specifying their respective classifications and the amount of license money due the Commonwealth;

"(c) To publish the mercantile appraisers' list of names and classification of each person subject to license in each county having a population of less than one million, in not less than two or more than three newspapers of general circulation in such counties......"

It is clear that the last recited section of the Code "supplied" the provisions of the Act of 1919, above quoted, and hence that statute is "repealed" thereby. With this conclusion plaintiffs do not agree, and call attention to Citizens Electric Illuminating Co. v. Lack-

awanna & Wyoming Valley Power Co., 255 Pa. 145, 152; Provident Life & Trust Co. v. Klemmer, 257 Pa. 91, and kindred cases, where it was held that a new statute will not impliedly repeal an earlier one if "a reasonable field [can] be found for the operation of the act in question [The Fiscal Code], preserving at the same time the force of the earlier law" [i. e., that of July 15, 1919]. This statement, however, has no relation to the present situation. What plaintiffs seek to do is to preserve a single clause of the Act of 1919, viz., the one requiring the auditor general, in making the advertisements, to publish them in one newspaper representing the minority party in the county. By the Fiscal Code, however, the auditor general has nothing to do with this advertising; that matter is dealt with entirely by the department of revenue, and no such restriction is placed upon it. All the other provisions of the Act of 1919 are retained, but this one is eliminated, the presumption being, therefore, that it was not intended to be continued.

Moreover, where "a subsequent statute [is] evidently intended as a revision of the whole subject-matter of, and a substitute for, prior legislation [as is the case here], though it contains no express words of repeal, [it] 'must, on general principles of law, as well as in reason and common sense, operate to repeal the former' (Johnston's Est., 38 Pa. 511, 515; Long v. Phillips, 241 Pa. 246, 249; Murdoch v. Biery, 269 Pa. 577, 580; Reeves's App., 33 Pa. Superior Ct. 196, 201) ......;" Com. v. Curry, 285 Pa. 289, 291.

We would, therefore, affirm the decree of the court below, but for the fact that all the advertisements of the "mercantile appraisers' list," out of which plaintiffs' complaint arises, have long since been completed, and the bills of the newspapers therefor have been fully paid. These facts render moot the questions raised. Ordinarily this would be stated, without more, and the appeal dismissed. We have, however, dealt with the substantial question involved, because it is one which can be

raised any year hereafter, when the lists are about to be advertised, unless settled by us (Maloney v. United Mine Workers of America, 308 Pa. 251); but, having done this, we must enter an order appropriate to the existing situation.

The appeal in this case is dismissed.