Bosack, Appellant, *v.* Schuylkill County et al.

Argued January 10, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Chas. E. Berger,* with him *J. F. Mahoney,* for appellant.

*Ralph M. Bashore,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE MAXEY, March 20, 1933:

This is an appeal from the decree of the Court of Common Pleas of Schuylkill County, sustaining the preliminary objections of appellees (defendants in the court below) to two bills in equity and dismissing those bills at the costs of the appellant (plaintiff in the court below).

The relief prayed for in these bills was that the court declare illegal and void, (1) a contract entered into on or about the 10th day of August, 1932, between the Commissioners of Schuylkill County and one Walter H. Drawbaugh, for the erection and construction of a bridge known as bridge No. 108, over Little Swatara Creek in Pinegrove Township, Schuylkill County, at a cost of $4,790, (2) a contract entered into on or about the 15th day of August, 1932, between the said Commissioners and one John Maguire, for the erection and construction of a bridge known as bridge No. 101, over Catawissa Creek in East Union Township, Schuylkill County, at a cost of $7,250, and, further, that the court restrain the commissioners from drawing any voucher for payment pursuant to the said contracts, and restrain the controller from approving and the treasurer from making payment upon, any voucher issued pursuant thereto.

The grounds set forth for relief are that the county commissioners failed to comply with the requirements

of the Act of April 4, 1870, P. L. 834, before entering into the said contracts.

The claim is that this Act of 1870 was violated in two particulars: (1) that no advertisement appeared in two weekly newspapers for at least four weeks; and (2) that no book containing the bridge specifications was kept in writing or print and open for public inspection.

The preliminary objections, filed by defendants below, alleged that the Act of 1870, P. L. 834, was repealed by the Act of June 27, 1895, P. L. 403, as amended by the Act of April 7, 1927, P. L. 176, and which act as amended was incorporated in the General County Law, being the Act of May 2, 1929, P. L. 1278, article IV, section 348, and repealed also by the Act of 1906, P. L. 74, and the Act of 1906, P. L. 75, and the Act of 1913, P. L. 1018.

The learned court below sustained these objections, holding, (1) that the Act of 1895 did repeal the Act of 1870, and (2) that being so, it was unnecessary to. determine the question whether the Act of 1913 repealed it.

The judicial canons by which the alleged repeal by implication of a former statute by a later one is to be tested are well established. They are as follows: (1) "It is a rule of statutory construction that an earlier law will be repealed by implication by an act covering the entire subject-matter of the former law, and manifestly intended as a substitute for it. But this rule is founded on presumption of legislative intent, and will not apply where a contrary intent is clearly apparent": Long et al. v. Phillips, 241 Pa. 246, 88 A. 437; Com. ex rel. v. Moore, 255 Pa. 402, 100 A. 260.

(2) "There is no rule which prohibits the repeal of a special act by a general one, the question being always one of intention. It is unquestionably true that where the provisions of a general and of a local or special act are so irreconcilably conflicting that both cannot be given effect, the inconsistent provisions of the earlier local or special act are repealed by implication. ......
An intent to repeal the inconsistent provisions of the

earlier special act may be inferred from the fact that the provisions of the two acts are so glaringly repugnant to and so radically irreconcilable with each other as to render it impossible for both to stand. And the fact that the general statute is couched in negative terms is indicative of a legislative purpose to have it replace all others upon the same subject": 25 R. C. L. 927, section 177. (See also 36 Cyc., page 1087, and John Nusser v. Com., 25 Pa. 126.)

(3) "Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed": Com. ex rel. v. Brown, 210 Pa. 29, 59 A. 479; Com. v. Moore, supra.

As to the Act of 1895, which as Mr. Justice MITCHELL said in Lloyd v. Smith et al., 176 Pa. 213, 218, 35 A. 199, "has but one subject, the substitution in certain counties of the office of county controller for that of county auditor," we do not find it necessary to decide in this case whether that act superseded the Act of 1870 or complemented it, for applying the above canons testing the repeal by implication of a former statute by a later one, it is clear that the Act of 1870 was repealed by the Act of 1913.

The Act of 1913, which applies to all counties in the Commonwealth, covers the entire subject-matter of awarding contracts for the erection, or alteration of, or addition to, county bridges at a cost of at least $250, and provides (1) that the county commissioners before entering into such a contract must advertise for at least three weeks, or, in case of emergency, one week, for sealed bids or proposals to repair, erect, build or rebuild any county bridge or bridges, in at least three newspapers published in the proper county; (2) the advertisement must contain a description of the repairs or the kind of bridge required, and fix the time when the proposals shall be closed and when they shall be opened;

(3) the proposals must be accompanied by such security as the county commissioners may require; (4) the bids must be opened in public and in the presence of not less than two of the county commissioners and the chief clerk, and a record must be made of each and every bid; (5) the award must be made to the lowest responsible bidder unless that bid is "too high or unreasonable," in which event the commissioners may reject it and advertise anew; (6) the successful bidder must within ten days after notice of the award of the contract, sign and execute a contract for the faithful performance of the proposal and furnish a bond in a sum not exceeding the amount of the contract; (7) this contract and the surety bond must be approved by the court of quarter sessions.

When the Act of 1870 is compared with the Act of 1913, it is obvious that the entire subject matter of the Act of 1870, except as to bridges and their alteration and additions costing less than $250 (and with such inexpensive bridge construction we are not in this case concerned), is covered by the latter act, which is manifestly intended as a substitute for the former act, and we hold, therefore, that the Act of 1870 is repealed by the Act of 1913. Each act provides for advertising in newspapers for a specified number of weeks, for "due notice" of the specifications so that the bids may be formulated intelligently, for the recording of the bids, and for the giving of security which will receive official approval. The Act of 1870 requires approval by a judge of the court of common pleas; the Act of 1913 requires approval by the court of quarter sessions. The latter act adequately meets public requirements and there is no need of both acts. The Act of 1913 manifestly supersedes the Act of 1870; it completely excludes it from the field it formerly occupied, except possibly the field of bridge construction at a cost of less than $250.

"A subsequent statute, revising the whole subject-matter of the former, and evidently intended as a substitute for it, although it contains no express words to that

effect, must, in accordance with principles of law, as in reason and common sense, operate to repeal the former." Rhoads v. B. & L. Assn., 82 Pa. 180, cited with approval in Fort Pitt B. & L. Assn. v. Model Plan B. & L. Assn., 159 Pa. 308, 28 A. 215.

The General County Law, i. e., the Act of May 2, 1929, P. L. 1278, expressly repeals the Acts of 1895 and 1913, and in unequivocal language lays down the requirements which must be adhered to by the county commissioners in entering into contracts involving expenditures exceeding $500, to build, rebuild, or repair any county bridge. It provides that there must be advertising for at least three weeks, or in case of emergency, one week, for sealed bids or proposals in at least three newspapers published in the proper county. Such advertisement shall contain a description of the repairs, or plans of the kind of bridge required, the time when the bids or proposals shall be closed and opened. When the contract is for the building of a bridge, the plans and specifications therefor, or a copy thereof, shall be kept in the office of the county commissioners, open to the inspection of all intending bidders. It further provides for the awarding of the contract to the lowest responsible bidder upon condition that the bidder, within ten days after notice of award of the contract, sign and execute a contract for the faithful performance of the proposal and furnish a bond in a sum not exceeding the amount of the contract, which contract and bond shall first be approved by the court of quarter sessions.

This act specifically repeals the Act of 1913, supra, but that repeal does not revive the Act of 1870, which we have held was impliedly repealed by the Act of 1913 because section 3 of the General County Law provides that the repeal by this act (i. e., the General County Law) of any provision of law shall not revive any law heretofore repealed or superseded. Since we have held that the Act of 1870 was superseded by the Act of 1913,

this supersession has not been nullified by the express repeal of the act which caused it.

If the Act of 1913 or some other act had not by implication repealed the Act of 1870, the latter act would not be superseded by the General County Law of 1929 because section 3 of this County Law provides that "all acts and parts of acts of assembly relating to counties, or to particular classes of counties, in force at the time of the adoption of this act, and not repealed hereby, shall remain in force in the same manner and with the same effect as prior to the adoption of this act."

In view of our decision that the Act of 1870 was superseded by the Act of 1913, it is not necessary for us to discuss herein the effect on the Act of 1870 of the passage of the Acts of March 5, 1906, P. L. 74, and of March 5, 1906, P. L. 75. These two acts were declared unconstitutional by district courts in able opinions by Judges BERGER and TREXLER, respectively. (See Schuylkill County Bridges, 48 Pa. C. C. 167, and Stewart Contracting Co. v. Lehigh Co., 22 Pa. Dist. R. 690.)

Mention has been made of the Act of 1927, P. L. 176. This act merely amends section 10 of the Act of 1895 by substituting the word "three" for "one" in the phrase "one hundred dollars." Therefore in view of our conclusions already expressed this amendment requires no discussion.

The preliminary objections to the bills in equity were well taken and properly sustained. The judgment is affirmed.