## Commonwealth v. Braham

*W. Allen Dill,* for Commonwealth.
*Michael J. Wherry,* for defendant.

McKAY, J., December 4, 1968.—This case is before the court in somewhat of the nature of a case stated. Defendant was indicted for failure to register as a feed manufacturing facility, under the Pennsylvania Commercial Feed Law of 1966, Act of September 1, 1965, P. L. 436, 3 PS §58.1, et seq. There being apparently some doubt whether defendant came within the act, Commonwealth and defendant stipulated as to the facts and submitted that question to the court on briefs and oral argument with the understanding that if it should be held that he was subject to the registration provision of the act he would register and the prosecution would be abandoned. Likewise, if the contrary were held, it was agreed that the criminal case would be nolle prossed.

The facts are contained in the following stipulation:

1. That Lloyd G. Braham operates a mobile facility for the grinding of feed for which he makes a charge. This service is rendered for farmers, and defendant grinds the grain on the farmers' premises. The grain so ground is the property of the farmer and is not supplied by the defendant.

2. That defendant does furnish molasses, which he mixes with the feed that he grinds.

3. That a charge is made by defendant for the grinding of the feed and also for the molasses that is mixed with the feed.

The above facts are submitted and stipulated to in order to permit the court to determine whether the defendant is subject to section 4 of the Pennsylvania Commercial Feed Law of September 1, 1965, P. L. 436, as operating a facility which must be registered.

Prior to the enactment of the Act of 1965, there was a statute enacted on July 17, 1935, P. L. 1166, 72 PS §6191, et seq., which provided that no person should engage in the business of operating a portable grinding mill in any county unless having first obtained from the county treasurer a license so to do. If that act were still in effect, it would be clear that defendant would come within it and would have to register as the operator of a portable grinding mill.

The Act of 1935 was repealed however by section 15 of the act presently before us for construction. It may be observed, at the outset, that by the repeal of the Act of 1935, without reenacting the portion applicable to the facts before us, it follows that the Act of 1935 is no longer the law: Werner v. King, 310 Pa. 120. The present act, which is known as the Pennsylvania Commercial Feed Law of 1966 (effective January 1, 1966) is entitled "An act regulating the distribution of commercial feeds and customer-formula feeds in the Commonwealth of Pennsylvania, etc.".

In its definitions the term "distribution" is meant to offer for sale, sell or barter commercial feed or customer-formula feed to a contract feeder. The term "distributor" means any person who distributes. The term "commercial feed" in the act is defined to mean all materials which are *distributed* for use as feed or for mixing in feed for animals other than man with certain exceptions not here applicable. The term "cus-

tomer-formula feed" is defined in the act as a mixture of commercial feeds and/or materials, each batch of which mixture is mixed according to the specific instructions of the final purchaser, or contract feeder. The term "contract feeder" means, according to the act, a person who as an independent contractor furnishes commercial feed to animals pursuant to a contract, etc.

From the above definition it is apparent on the bare reading of the act that what the legislature intended to regulate was the *distribution*, i.e., sale of commercial feed or customer-formula feeds. In other words, it was designed to require that persons who manufacture or deal in various types of animal feeds, either in their original package or as a mixture according to a formula supplied by a customer, must register with the Secretary of the Commonwealth. Accordingly, section 4 reads:

"Every facility engaged in the manufacture of commercial feed or customer-formula feed to be distributed in Pennsylvania shall on January 1 of each year, or prior to the manufacture or distribution of such feed, register each such facility on a form furnished by the secretary, the application to be accompanied by a fee of ten dollars ($10)".

Other interesting paragraphs of the statute require that any commercial feed distributed shall be accompanied by a label stating the net weight, the product name, and brand name under which the commercial feed is distributed, the guaranteed analysis, the common name of every ingredient used in the manufacture of the feed, the name and address of the person responsible for distributing it, and certain other data (section 5). Section 7 provides that no person shall distribute adulterated feed under certain circumstances and section 8 that no person shall distribute misbranded feed. Section 11 provides that commercial feeds being distributed in violation of the act may be

withdrawn or even confiscated by the Secretary of Agriculture.

A mere casual reading of the Act of 1966 discloses that the intent of the legislature was to prevent the sale or other type of distribution by commercial feed dealers of animal feed, whether in its original form or when mixed with some other element prescribed by the purchaser, unless the dealer first obtains a license under the act.

In the instant case defendant does not either sell commercial feed as a distributor or distribute commercial feed with some other element as prescribed by the purchaser. It is the purchaser not the distributor who furnishes the principal ingredient. Defendant is not a dealer at all, but merely furnishes the molasses and the machinery necessary to mix the molasses with the purchaser's own product whether it be corn, grain or what not for the purpose of sweetening it.

Neither the wording of the statute construed narrowly, nor its intent gathered from its four corners suggests in the slightest degree that the Act of 1966 was intended to apply to the type of operation which defendant performs as set forth in the stipulated facts.

ORDER

And now, December 4, 1968, the court finds that defendant is not subject to the Pennsylvania Commercial Feed Law of 1966, approved September 1, 1965, P. L. 436; 3 PS §58.1, et seq., and is not required to register under it. Accordingly, it is ordered that, pursuant to the agreement of the parties, the indictment found against him for failing to register under the said act shall be nolle prossed.