409 A.2d 334

**Adrian FEDOR, Appellant,**

**v.**

**The BOROUGH OF DORMONT, William H. Moreland, Jr., Mayor, Thomas J. Torchia, Thomas V. McAllister, James W. Conner, Thomas R. Lloyd, Nicholas Masterson, Steve Pietrocatello and Billy Reiche, Members of Council, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1979.

Decided Dec. 21, 1979.

250

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, Pittsburgh, for appellant.

Phillip D. Paull, Sol. for Borough of Dormont, Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

In this action of mandamus, the Court of Common Pleas of Allegheny County ordered the Borough of Dormant (Borough) to deliver to the complainant, one of its retired police officers, a paid-up life insurance policy in the amount of $5,000.00. On appeal the Commonwealth Court reversed the order of the Court of Common Pleas. We granted allocatur and now affirm the order of the Commonwealth Court.

The Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. §§ 767 *et seq.* (1974) [hereinafter cited as the Act] requires certain municipal subdivisions, including boroughs, to establish a police pension fund or pension annuity. The pension fund is to be maintained by charges against member police officers, annual appropriations by the municipal subdivision and payments made by the State Treasurer of monies received from taxes paid upon premiums by foreign casualty insurance companies. The Act permits provision of pension benefits for widows and minor children of police officers under certain circumstances. The Act does not explicitly permit the purchase of paid-up life insurance policies on the lives of member police officers from pension fund monies.

In *September, 1957,* in order to implement the Act, the Borough enacted Ordinance No. 949 which established an Insured Police Pension Fund. The fund provided for monthly retirement benefits to eligible members or to their designated beneficiaries should members die prior to retirement. The ordinance did not provide for any death benefit nor specify an insurance carrier.

On *January 4, 1965,* Borough Council adopted a resolution which expressed council's decision to continue the Pacific Mutual Life Insurance Company as carrier and actuary for the pension plan "and [to continue] increased Death and Disability benefits in accordance with the recommendations of the Pacific Mutual Life Insurance Company." In pertinent part the resolution provided:

"Upon retirement the death benefit [otherwise $27,000] shall be reduced in amount to $5000 and shall be kept in force by the Police Pension Fund so long as the retired policeman lives. After retirement the retired policeman cannot cash in the $5000 policy."

In 1971, a police officer retired and a $5,000 paid-up life insurance policy was purchased in accordance with the amending resolution of January 4, 1965 with monies from the Insured Police Pension Fund. In a report by the Auditor General concerning an audit of the Borough's Insured Police Pension Fund, the Auditor General stated that the purchase of the $5,000 paid-up life insurance policy was not authorized by the Act. This statement was supported by an opinion from the Attorney General's office in a letter to the Auditor General. The Auditor General recommended that the $5,000 be refunded to the Insured Police Pension Fund. The Borough repaid $5,000 into the fund.

On *October 1, 1973,* Borough Council adopted Ordinance No. 1183. The title, preambles and resolutions in pertinent part provide:

"AN ORDINANCE AMENDING IN ITS ENTIRETY ORDINANCE NO. 949 CITED AS THE INSURED POLICE PENSION ORDINANCE OF DORMONT

\* \* \* \* \* \*

"WHEREAS, the Borough of Dormont adopted its existing police pension plan by Ordinance No. 949 and subsequent amendments thereto, and

"WHEREAS, the Borough of Dormont is desirous of amending and restating in its entirety the provisions of the police pension fund so that it shall be funded by monies deposited with a corporate Trustee, and

"WHEREAS, the Borough of Dormont desires to enter into a pension trust agreement with Pittsburgh National Bank, under which the Bank will hold and administer sums and other property transferred to it under the Borough of Dormont police pension plan.

"NOW, THEREFORE BE IT RESOLVED that the Council of the Borough of Dormont hereby adopts the

amended police pension plan which is attached hereto, incorporated herein and to be filed with this Ordinance in the Ordinance Book; and . . . ."

On *February 28, 1974,* appellant retired from the Borough police force. He requested the Borough to purchase a $5,000 paid-up life insurance policy on his life as part of his pension benefits. Appellant's request was refused on the basis of the Auditor General's opinion that the purchase of such a policy with monies from the police pension fund was not authorized by the Act. Appellant brought suit in mandamus against the Borough. The trial court entered judgment for appellant and ordered the Borough to purchase the requested insurance policy with monies "from the police pension fund." The Commonwealth Court reversed holding that the purchase of a paid-up life insurance policy with police pension fund monies was unauthorized under the Act, and that the obligation to purchase the insurance policy in accordance with Ordinance No. 949, *as amended,* was obviated because Ordinance No. 1183 effectively repealed Ordinance No. 949.

A settled principle of statutory construction[1] is that whenever a statute sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supplant and, therefore, repeal all former statutes upon the same subject.[2] Borough Ordinance No. 1183 is a comprehensive pension plan. It consists of twelve articles covering, *inter alia* : definitions, designation of administrative authority to operate the pension plan, eligibility requirements, calculation of retirement and disability benefits, designation of beneficiaries, funding of the

1. This Court has held that the rules of statutory construction apply to the construction of ordinances. *Donahue v. Zoning Bd. of Adjustment,* 412 Pa. 332, 334, 194 A.2d 610, 611 (1963); *In re Neshaminy Auto Village, Ltd.,* 25 Pa.Cmwlth. 129, 133, 358 A.2d 433, 435 (1976).

2. Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1971(a) (Supp. 1978–79); *Commonwealth, Dep't. of Educ. v. First School,* 471 Pa. 471, 483, 370 A.2d 702, 708 (1977); *Bosack v. Schuylkill County,* 311 Pa. 157, 159, 165 A. 393, 394 (1933); *Werner v. King,* 310 Pa. 120, 124, 164 A. 918, 919 (1933).

pension plan, creation of an irrevocable trust to which the assets of any existing police pension fund are to be transferred and miscellaneous provisions. The plan enacted under Ordinance No. 1183 does not provide for any death benefits in the form of paid-up insurance policies on the lives of retiring police officers. Appellant argues this omission in coverage indicates that the Ordinance No. 1183 pension plan does not cover "the entire subject matter" of the Ordinance No. 949 pension plan and, therefore, Ordinance No. 949 is not implicitly repealed. We cannot agree. Appellant seeks to preserve the amending resolution of January 4, 1965, notwithstanding the Borough Council's intent, expressed in the preambles to Ordinance No. 1183, to "restate in its entirety" the pension plan enacted under Ordinance No. 949.[3] We are not persuaded that Ordinance No. 1183 has not "covered the entire subject matter" of police pension plans. Absent an indication of contrary intent, Ordinance No. 949 has been effectively repealed. See *Commonwealth v. Curry,* 285 Pa. 289, 294, 132 A. 370, 371–72 (1926).[4]

In view of the fact that Ordinance No. 1183 has repealed Ordinance No. 949, there is no obligation on the part of appellees to furnish appellant with a $5,000 paid-up life insurance policy. The obligation to furnish such life insurance existed only under the January 4, 1965 amending resolution to Ordinance No. 949 which has been repealed.

3. It is well-settled that the title and preambles of a statute may be considered in the construction thereof. Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1924 (Supp.1978–79); *In re B. E.,* 474 Pa. 139, 144 n. 6, 377 A.2d 153, 155 n. 6 (1977); *Swatara Twp. v. Automatic Bowling Center, Inc.,* 419 Pa. 482, 487 n. 10, 214 A.2d 725, 728 n. 10 (1965).

4. *Commonwealth v. Curry,* supra, concerned a petition for a writ of habeas corpus, wherein petitioner argued that a penal statute (Act of 1909) was repealed by a subsequent statute (Act of 1911). A section of the earlier statute was entirely omitted from the later enactment. The Court held that "in the absence of a demonstrated intention to deal with every aspect of the general subject in hand, [the later enactment] does not necessarily repeal such omitted part . . . ." *Commonwealth v. Curry,* supra, 285 Pa. at 294, 132 A. at 372. In the instant case, the Borough Council has expressed its intent to restate entirely the provisions of its police pension plan, thus effecting a repeal of Ordinance No. 949.

Accordingly, there is no need to address appellant's contention that the Act authorized the expenditure of police pension fund monies to purchase such life insurance.

The order of the Commonwealth Court is affirmed.

LARSEN, J., did not participate in the consideration or decision of this case.

MANDERINO, J., did not participate in the decision of this case.