446 A.2d 325

COMMONWEALTH of Pennsylvania

v.

Leonard MILANO, Appellant.

COMMONWEALTH of Pennsylvania

v.

Anthony TERRA, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 20, 1981.

Filed May 28, 1982.

Petition for Allowance of Appeal Denied Sept. 16, 1982.

John J. Gallagher, Philadelphia, for Milano, appellant.

Thomas A. Bergstrom, Philadelphia, for Terra, appellant.

David E. Fritchey, Assistant District Attorney, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that their prosecutions were not timely commenced. We disagree and, accordingly, affirm the judgments of sentence.

Following a lengthy joint state-federal investigation, the Commonwealth obtained, on March 18, 1980, arrest warrants charging appellants with certain drug offenses [1] and criminal conspiracy [2] arising from their activities between March 28, 1978 and April 13, 1978. Appellants were arrested on March 19, 1980, and informations were filed on April 16, 1980. Following the denial of their motions to dismiss the charges on the ground that the statute of limitations had expired, appellants were found guilty of all charges in a nonjury trial. The lower court subsequently denied their post-verdict motions and imposed sentence. This appeal followed.

There is no dispute that these prosecutions would be barred by the statute of limitations if not commenced by April 13, 1980. Relying upon section 77 of the Act of March 31, 1860, P.L. 427, § 77, as amended by the Act of April 6, 1939, P.L. 17, § 1; 19 P.S. § 211 (repealed) (hereinafter section 77 of the Act of 1860),[3] appellants contend that the

1. Appellants were charged with possession of and possession with intent to deliver methamphetamine under the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16), (30), as amended; 35 P.S. § 780–113(a)(16), (30).

2. 18 Pa.C.S.A. § 903. Appellant Milano was also charged with criminal solicitation. *Id.* § 902.

3. Section 77 of the Act of 1860 provides:
   Time within which indictments or prosecutions may be brought
   All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft, knowing the same to be counterfeited or forged, shall be brought or exhibited within five years next after the offense shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed: Provided however, That if the person against whom such indictment shall be brought or exhibited, shall not have been an inhabitant of this State, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid,

filing of informations commenced their prosecution on April 16, 1980, three days too late. Relying upon subsection 108(e) of the Crimes Code, 18 Pa.C.S.A. § 108(e) (repealed), however, the Commonwealth argues that the obtaining and execution of arrest warrants by March 19, 1980 timely commenced these prosecutions. The lower court applied subsection 108(e) of the Crimes Code and, therefore, held the prosecutions to be timely.

Appellants argue that section 77 of the Act of 1860 is controlling because it was not expressly repealed by section 108 of the Crimes Code. We disagree. A statute may be repealed by express legislative act or by implication. *Commonwealth, Department of Education v. First School*, 471 Pa. 471, 482, 370 A.2d 702, 707 (1977); *Newton Estate*, 354 Pa. 146, 148, 47 A.2d 229, 230 (1946); *Girard Trust Co. v. Philadelphia*, 336 Pa. 433, 436, 9 A.2d 883, 884 (1939). "Express repeal is not necessary where a substitute statute is manifestly intended for a former act." *Id.*, 336 Pa. at 436–37, 9 A.2d at 884–85, *citing Bosack v. Schuylkill County*, 311 Pa. 157, 162, 165 A. 393, 396 (1933). Because section 77 of the Act of 1860 was not expressly repealed until the enactment of the Judicial Code, *see Commonwealth v. Haw-*

then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this State: And provided also, That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed: And provided also, That indictments for malfeasance, misfeasance, or nonfeasance in office, or for extortion or blackmail by color of office, or for embezzlement of public moneys or property or fraudulent conversion of public moneys or property, or for any misdemeanor in office, or for any conspiracy to commit any of said offenses heretofore or hereafter committed by any officer or employe of this Commonwealth or of any agency thereof, or of any city, county, borough, township, or school district or of any agency thereof, and their accomplices and confederates, may be brought or exhibited at any time within two years from the time when said public officer or said employe shall have ceased to occupy such office or such employment, but in no event more than six years from the commission of the offense.

*kins,* 295 Pa.Superior Ct. 429, 436 n.3, 441 A.2d 1308, 1311 n.3 (1982); *Commonwealth v. Bidner,* 282 Pa.Superior Ct. 100, 853, 422 A.2d 847, 853 (1980), we must therefore determine whether it had already been impliedly repealed by section 108 of the Crimes Code, 18 Pa.C.S.A. § 108 (repealed).[4]

It will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the latter statute revises the whole subject matter of the former.

*Kingston Borough v. Kalanosky,* 155 Pa.Superior Ct. 424, 429, 38 A.2d 393, 394 (1944). Because implied repeals are not favored in the law, the legislative intent to impliedly repeal a statute by enacting another must be clearly shown. *Newton Estate, supra* 354 Pa. at 149, 47 A.2d at 231; *Girard Trust Co. v. Philadelphia, supra* 336 Pa. at 436, 9 A.2d at 884; *First National Bank of Millville v. Horwatt,* 192 Pa.Superior Ct. 581, 586, 162 A.2d 60, 62 (1960). The Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, No. 290, § 3, provides in pertinent part:

Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to repeal all former statutes upon the same subject.

**4.** In *Commonwealth v. Bidner, supra,* our Court held that the time limitations of section 108 of the Crimes Code applied to Crimes arising outside the Crimes Code itself. In so doing, we specifically applied subsection 108(c)(1) (relating to discovery of crimes involving fraud) to a violation of the Election Code. Because subsection 108(c)(1) had no counterpart in section 77 of the Act of 1860, *see* S. Toll, *Pennsylvania Crimes Code Annotated,* § 108, p. 31 (1974), the Court had no occasion to address the issue we reach today.

1 Pa.C.S.A. § 1971(a).[5] *See also Fedor v. Borough of Dormont*, 487 Pa. 249, 409 A.2d 334 (1979); *Commonwealth, Department of Education v. First School, supra; Girard Trust Co. v. Philadelphia, supra; Bosack v. Schuylkill County, supra; Werner v. King*, 310 Pa. 120, 164 A. 918 (1933).

The Crimes Code was passed in December, 1972 as a comprehensive effort to collate, modernize, and codify the criminal law of the Commonwealth. *See* Toll, *Pennsylvania's First New Crimes Code in More than a Century*, 44 Pa.B.A.Q. 294 (1973); Symposium, *Crimes Code*, 78 Dick.L. Rev. 1 (1973). *See also* Statutory Construction Act of 1972, *supra*, 1 Pa.C.S.A. § 1921(c)(2), (4) (in ascertaining legislative intent, court may consider circumstances under which act was passed and object to be obtained). Section 107(a) of the Crimes Code provides: "The provisions of Part I of this title [18 Pa.C.S.A. §§ 101–1106] (relating to preliminary provisions) are applicable to offenses defined by this title or by any other statute." In *Commonwealth v. Bidner*, we emphasized that "the clear intent of the legislature by virtue of § 107(a)," 282 Pa.Superior Ct. at 114, 422 A.2d at 854, required the application of the Crimes Code statute of limitations, 18 Pa.C.S.A. § 108, to an election code violation that had been committed after the effective date of the Crimes Code, 282 Pa.Superior Ct. at 112–14, 422 A.2d at 853–54. Both section 108 of the Crimes Code[6] and section

---

**5.** A later statute also will impliedly repeal an earlier one if it "purports to establish a uniform and mandatory system covering a class of subjects" formerly covered by a local or special statute, 1 Pa.C.S.A. § 1971(b), or if "the two statutes are irreconcilable," *id.* § 1971(c). Neither of those standards are applicable.

**6.** Section 108 of the Crimes Code provides:
Time limitations
   (a) Murder.—A prosecution for murder of the first degree or of the second degree may be commenced at any time.
   (b) Other offenses.—Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
   (1) A prosecution for any of the following offenses under this code must be commenced within five years after it is committed:
   Section 3123 (relating to involuntary deviate sexual intercourse)
   Section 3301 (relating to arson and related offenses)

77 of the Act of 1860 purport to be all-encompassing statutes of limitations for crimes and offenses. Although section 108 of the Crimes Code retained the basic scheme of section 77 of the Act of 1860, the format of the statute was significantly changed; two provisions were modified (*see* 18 Pa.C.S.A. § 108(c)(2), (e)); and three new provisions were added (*see id.* § 108(c)(1), (d), (f)(2)). *See generally* S. Toll, *Pennsylvania Crimes Code Annotated*, § 108, pp. 30–31, 36 (1974) (Report of the Joint State Government Commission and Reporter's Comment). In particular, the legislature repudiated the position that a prosecution could only be com-

Section 3502 (relating to burglary)
Section 3701 (relating to robbery)
Section 4101 (relating to forgery)
Section 4902 (relating to perjury)

(2) A prosecution for any other offense under this code must be commenced within two years after it is committed.

(c) Exceptions.—If the period prescribed in subsection (b) of this section has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

(2) Any offense committed by a public officer or employe in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

(d) Commission of offense.—An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed.

(e) Commencement of prosecution.—A prosecution is commenced either when an indictment is found or when a warrant or summons is issued, if such warrant or summons is executed without reasonable delay.

(f) Tolling of statute.—The period of limitation does not run:

(1) during any time when the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth; or

(2) during any time when a prosecution against the accused for the same conduct is pending in this Commonwealth.

menced by filing an indictment or information. *Id.* Moreover, our consideration is influenced but not controlled by the general repealer in the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 5(b) ("all acts and parts of acts inconsistent with [the Crimes Code] are hereby repealed"). *Kelly v. Philadelphia*, 382 Pa. 459, 471, 115 A.2d 238, 244 (1955); *First National Bank of Millville v. Horwatt, supra*, 192 Pa.Super. at 586–87, 162 A.2d at 63. We are thus satisfied that, in enacting section 108 of the Crimes Code, the legislature manifested its intent to supplant section 77 of the Act of 1860.[7] Accordingly, we now hold that section 77 of the Act of 1860 had been impliedly repealed before it was expressly repealed by the Judicial Code.[8] Because these crimes occurred after the effective date of the Crimes Code [9]

**7.** Section 77 of the Act of 1860 contained the following language which was apparently omitted from section 108 of the Crimes Code: "And provided also, That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed." Because we believe that the legislative intent to wholly revise the statutes of limitations in criminal cases was clear, we hold that this provision is likewise impliedly repealed. *Fedor v. Borough of Dormont, supra* 487 Pa. at 254, 409 A.2d at 336; *Werner v. King, supra* 310 Pa. at 124, 164 A. at 920; *Reeves' Appeal*, 33 Pa.Superior Ct. 196, 200–01 (1907). *Cf. Pipa v. Kemberling*, 326 Pa. 498, 503–04, 192 A. 878, 870–1 (1937) (prior provision not germane to later revision from which omitted, no implied repeal); *Commonwealth v. Curry*, 285 Pa. 289, 294–95, 132 A. 370, 374 (1926) (same).

**8.** Our decision does not affect those cases arising before the effective date of the Crimes Code because those cases will still be governed by section 77 of the Act of 1860. Act of December 6, 1972, P.L. 1482, No. 334, § 2 ("[The Crimes Code], as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force."); *Commonwealth v. Bender*, 251 Pa.Superior Ct. 454, 457–58, 380 A.2d 868, 869–70 (1977).

**9.** Appellants' reliance upon *dicta* in *Commonwealth v. Patterson*, 236 Pa.Superior Ct. 131, 134, 344 A.2d 710, 712 (1975), is misplaced. In *Commonwealth v. Bidner, supra*, 282 Pa.Super. at 112–13, 422 A.2d at 853–54; and *Commonwealth v. Bender, supra*, 251 Pa.Super. at 458 n.8, 380 A.2d at 870 n.8, we clarified our *dicta* in *Patterson*. It is now quite certain that section 108 of the Crimes Code would not apply to crimes committed before June 6, 1973, the effective date of

and the arrest warrants were obtained within the two-year period allowed by subsection 108(b)(2) of the Code, and were promptly served, these prosecutions were timely commenced.[10] 18 Pa.C.S.A. § 108(e) (repealed).[11]

Judgments of sentence affirmed.

the Crimes Code, *see* note 8 *supra*, and that it is not limited to crimes defined in the Crimes Code itself, *Commonwealth v. Bidner, supra.*

**10.** Because of our disposition of this case, we need not reach the Commonwealth's contention that the applicable statute of limitations is set forth in the Judicial Code, 42 Pa.C.S.A. § 5552(a), (e). We note, however, that were the Judicial Code provisions applicable, the result would be identical because the Judicial Code did not change the substance of subsections 108(b)(2) and 108(e) of the Crimes Code.

**11.** Appellant Terra argues also that his conviction for criminal conspiracy cannot stand for it, too, is subject to the limitation of section 77 of the Act of 1860. We disagree. Criminal conspiracy is defined by the Crimes Code. Section 108, by its literal language, applies to all such offenses. Moreover, in *Commonwealth v. Cunningham*, 248 Pa.Superior Ct. 219, 375 A.2d 66 (1977), we recognized that attempt to violate the drug law would be governed by the Crimes Code provisions for inchoate crimes. Conspiracy, like attempt, is an inchoate crime under the Crimes Code. Therefore, Terra's contention is patently frivolous.