## Smith v. Connaught Laboratories, Inc.

*Clyde T. MacVay*, for plaintiff.

*James P. McKenna, Jr.*, for defendant Connaught Laboratories, Inc.

*John S. Sherry*, for defendant Allegheny County.

## I

STANDISH, *J.*, October 15, 1984—Before the court is a motion by defendant, Allegheny County, (the county) for summary judgment. Plaintiffs, Louis Clarence Smith and Clara Smith, his wife, seek to recover damages from the county under the Civil Immunity in Mass Immunization Projects Act, 42 Pa.C.S. §8334 (the Civil Immunity Act). The county asserts that the Civil Immunity Act has been impliedly repealed as to any claim against the county by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq., (the Tort Claims Act) and that summary judgment should be entered in favor of the county and against plaintiffs. For reasons which follow, the requested summary judgment will be entered.

## II

Plaintiffs commenced this action on September 6, 1983 by filing a complaint in trespass in this court against defendants Connaught Laboratories, Inc., and the county. Plaintiffs allege that the county was negligent in not exercising due care in the distribution and injection of a defective influenza vaccine and also that the county did not adequately warn plaintiff, Louis C. Smith (husband plaintiff) as to the potential hazards of the vaccine with which he was inoculated. Additionally, plaintiffs claim that husband plaintiff did not have sufficient time to read and understand the prepared information sheet given to him for his signature at the time of his inoculation.

The events giving rise to plaintiffs' claims occurred on September 24, 1981, when husband plaintiff was given an influenza vaccination by a nurse employed by the county. As a result of this inoculation, plaintiffs allege, husband plaintiff contracted Gullain-Barre Syndrome which left him paralyzed.

### III

The county has moved for summary judgment on the ground that, as a political entity, it is immune from suit on plaintiffs' claims under the Tort Claims Act. Section 8541 of this statute, 42 Pa.C.S. §8541, provides immunity for the county against claims for damages arising out of its acts or the acts of its agents. Section 8542(b), 42 Pa.C.S. §8542(b) makes specific exceptions to such governmental immunity for eight categories of claims. These exceptions are limited to claims for damages arising out of motor vehicle liability, injury to personal and real property, the dangerous condition of trees, traffic control and street lighting, the dangerous condition of utility service facilities and streets, and the dangerous condition of sidewalks. Plaintiffs concede that their claim for damages does not fall within one of these exceptions.

Rather, plaintiffs argue that, notwithstanding the Torts Claims Act, they have a cause of action against the county under section 8334 of the Civil Immunity Act, 42 Pa.C.S. §8334, which limits a county's liability for damages arising out of a mass immunization project to liability only for gross negligence. Section 8334 provides:

(a) "General rule.—Any physician who does not receive remuneration for his services in a mass immunization project approved in writing by the Department of Health or its designee under the pro-

visions of the act of September 19, 1974 (P.L. 644, no. 210), and any registered nurse or practical nurse licensed to practice in this Commonwealth who shall participate in such project and any state, county or local medical society, medical or health facility, agency or clinic approved by the department shall not be liable, except for gross negligence, to any person for illness, reaction, or adverse effect arising from or out of the, use of any drug or vaccine in such project by such physician or such nurse. Neither the department nor its designee shall approve any such project unless the department or its designee finds that the project conforms to good medical and public health practice."

The question before the court is whether section 8334 of the Civil Immunity Act, last amended in 1978, is repealed insofar as it applies to the county by section 8541 of the Tort Claims Act, enacted in 1980, which reads as follows, 42 Pa.C.S. §8541:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

A statute may be repealed by an express legislative act or by implication. Commonwealth v. Milano, 300 Pa. Super. 251, 446 A.2d 325 (1982). Because the applicability of the Civil Immunity Act to the county has not been expressly repealed, the court must determine if it has been implicitly repealed by the Tort Claims Act. Absent express terms of repeal, there is a presumption against repeal, unless there is such inconsistency or repugnancy between statutes as to preclude the presumption, or the later statute revises the whole subject matter of the former. Kingston Borough v. Kalonsky, 155 Pa. Super. 424, 429, 39 A.2d 393, 394 (1944).

Two sections of the Statutory Construction Act refer to the question of repeal. They are §§1971(b) and 1936, 1 Pa.C.S. §§1971(b) and 1936 (the Statutory Construction Act). Section 1971(b) provides:

"Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore repeal pre-existing local or special statutes on the same class of subjects. Section 1936 provides:

"Whenever the provisions of two or more statutes enacted finally by different general assemblies are irreconcilable, the statute latest in date of final enactment shall prevail."

Applying section 1971(b) of the Statutory Construction Act to the question of repeal, the language of section 8541 of the Tort Claims Act quoted above clearly indicates that the act is applicable to the entire subject matter of the governmental immunity of all Pennsylvania local agencies, and that, except as otherwise provided in the act (in section 8542 relating, inter alia, to the eight categories of exceptions not covering mass immunization damages) it excludes all claims for damages. Under the definition of a local agency set forth at 42 Pa.C.S. §8501, local agencies include counties.

The provision of the Civil Immunity Act permitting suit against a local agency for gross negligence is inconsistent with the Tort Claims Act. Since it is impossible to reconcile the conflicting provisions of the two statutes, section 8541 of the Tort Claims Act must be construed to repeal the applicability of section 8334(a) of the Civil Immunity Act to the county.

This conclusion is reinforced by the application of section 1936 of the Statutory Construction Act. The provisions of the Civil Immunity Act and the Tort

Claims Act are irreconcilable as to the county and the Tort Claims Act was enacted by a different General Assembly after the enactment of the Civil Immunity Act. The provisions of section 8541 of the Tort Claims Act must accordingly prevail.

Plaintiffs argue that, notwithstanding the provisions of sections 1971(b) and 1936 of the Statutory Construction Act, the question of the repeal of section 8334(a) is governed by section 1933 of the Statutory Construction Act, 1 Pa.C.S. §1933, which provides as follows:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the general assembly that such general provision shall prevail."

Although section 8541 of the Tort Claims Act is more general in its application than section 8334(a) of the Civil Immunity Act, section 8541 was enacted after section 8334(a) and it is the "manifest intention" of the general assembly that the general provision of section 8541 of the Tort Claims Act shall prevail.

An order follows.

## ORDER

And now, this October 15, 1984, in accordance with the foregoing opinion, it is hereby ordered that the motion of defendant, Allegheny County, for summary judgment in the above-captioned case be, and hereby is, granted, and that summary judg-

ment be, and hereby is, entered in favor of defendant, Allegheny County, and against plaintiffs, Louis Clarence Smith and Clara Smith.