## V. B. Zeigler, Inc. v. Mountville Borough

*Richard A. Umbenhauer,* for plaintiff.
*Robert W. Hallinger,* for defendant.

ECKMAN, *P.J.,* January 31, 1986—Presently before the court is an action for declaratory judgment initiated by plaintiff V. B. Zeigler, Inc. against defendant, Borough of Mountville.

On April 30, 1984, plaintiff filed a complaint seeking a declaratory judgment pursuant to the Declaratory Judgments Act.[1] On May 21, 1984, defendant filed preliminary objections in the nature of a demurrer, which were dismissed in part and sustained in part by opinion and order of this court dated January 29, 1985. A pretrial conference was held on September 24, 1985, where the parties agreed that no issues of fact remain to be tried and that declaratory judgment could be entered on the basis of a set of stipulated facts. Trial briefs and a stipulation of facts having been submitted by the parties, this matter is before the court for disposition.

The factual history of this case, as set forth in the stipulation of facts, discloses that plaintiff operates a land development and construction business and is currently developing a residential development known as Clearstream Acres. The development consists of approximately 49 residential lots of which 41 are located in West Hempfield Township (hereafter township), seven are located entirely within the Borough of Mountville, and one is located partially within the borough and partially within the town-

---

1. The Declaratory Judgments Act, Act of July 9, 1976, P.L. 586, §2; 42 Pa.C.S. §7533.

ship. Both municipalities are situated in Lancaster County, Pennsylvania.

The portion of the development located in the township is supplied with water service by the City of Lancaster (hereafter city).[2] The instant dispute concerns water service to the portion of Clearstream Acres which lies within the borough.

Water service in the borough is generally provided by the Mountville Borough Authority pursuant to the Borough Code.[3] On September 13, 1982, the borough council adopted a motion that the borough would supply water to that portion of the development within the borough and that council would so notify the developer. Thereafter, plaintiff submitted to the Lancaster County Planning Commission a preliminary plan, a revised plan/profile and a detailed water-pit plan for the seven lots located entirely within the borough depicting how the water would be supplied by the City of Lancaster. On August 29, 1983, the city issued a water service certification for plaintiff's proposed extension of city water to that portion of Clearstream Acres in the borough.

The borough informally protested the proposed plan by contacting members of the staff of the Lancaster County Planning Commission and officials of the city. By letter dated October 26, 1983, as a result of the borough's protest, the city conditionally withdrew its certification of willingness to supply water to the Mountville extension of Clearstream Acres.

2. The city is authorized to provide water beyond its boundaries by the Third Class City Code, Act of June 23, 1931, P.L. 932, Art. I, §3531; 53 P.S. §38531.

3. Act of February 1, 1966, P.L. (1965), §2401; 53 P.S. §47401.

The city, however, remains ready, willing and able to provide water service to that portion of the development located within the borough in the event the borough should no longer oppose it.

There are no water mains presently existing in the proposed street to service the lots in question. Plaintiff estimates that it will cost over $12,000 more for the borough to supply water to the lots than for the city to do so. Engineers retained by the borough, however, estimate the total cost of the water-main extension to be approximately $7,000.

The borough objects to the city furnishing water to properties located within the borough based upon Borough Ordinance no. 112, and its governmental powers and jurisdiction within the territorial boundaries of the borough. Ordinance no. 112 states, inter alia:

"Section 3. Extensions by Developers.

"Land developers shall install and dedicate to the Mountville Borough Authority all water-line extensions required to be installed to service lots in their developments, which water lines shall be installed in accordance with borough specifications." Since the enactment of Ordinance no. 112 in 1974, two other land developers have submitted residential development plans to the borough for approval and have connected to the borrough water system.

The sole issue remaining for disposition is whether Borough Ordinance no. 112 requires plaintiff to install borough water line extensions to service the seven lots located in the borough or whether plaintiff may utilize the city to supply water to these lots.

In support of his position that Ordinance no. 112 does not require him to connect to the borough water system, plaintiff challenges both the validity of the ordinance as defendant interprets it as well as

the application of the ordinance to the present set of circumstances.

Initially, plaintiff argues that to interpret Ordinance no. 112 to mean that the borough has the exclusive right to supply water to its residents would result in a situation where the borough has created an exclusive right in itself via local ordinance which right the legislature has neither granted the borough nor empowered the borough to create.

It is true that this court held by opinion dated January 29, 1985[4] that neither the Borough Code, supra, nor the Municipality Authorities Act[5] confers upon the borough the exclusive right to provide water service to the properties located within its boundaries. We, however, did not hold that the borough is precluded from creating an exclusive right in itself to supply water to its residents based upon other powers granted to it by the legislature. To the contrary, §46202 of the Borough Code, supra, provides, inter alia:

"Among the specific powers of the borough shall be the following, and in the exercise of any of such powers involving the enactment of any ordinance or the making of any regulation, restriction or prohibition, the borough may provide for the enforcement thereof and may prescribe penalties for the violation thereof or for the failure to conform thereto:

. . .

"(39) Water supply. To provide for a supply of water and to make regulations for the protection of the pipes, reservoirs and other constructions or appara-

---

4. V. B. Zeigler, Inc. v. The Borough of Mountville, 69 Lanc. L. Rev. 388 (1985).

5. Act of May 2, 1945, P.L. 382, §4, as amended; 53 P.S. §306A, supplement.

tus; to prevent the waste of water so supplied, and to regulate the drilling of wells within the borough.

. . .

"(74) General powers. *To make and adopt all such ordinances, bylaws, rules and regulations* not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the borough and its finances, and the maintenance of peace, good government, safety and welfare of the borough and its trade, commerce and manufactures.[6] (Emphasis supplied.)

Although the exclusive right to provide water to its residents is not expressly set forth in the legislative grant of powers, the legislature has empowered the borough to create such a right in itself by virtue of the power granted to the borough to provide a water supply and by the other general powers, supra.

The issue then becomes whether Ordinance no. 112 applies to the instant set of circumstances, thereby requiring plaintiff to connect to the borough water system.

In determining whether the ordinance governs the instant situation, we are guided by the general rules of statutory construction. See Fedor v. Borough of Dormont, 487 Pa. 249, 409 A.2d 334 (1979). Section 1903(a) of the Pennsylvania Consolidated Statutes[7] states, inter alia, that "[w]ords and phrases shall be construed . . . according to their common and approved usage. . . ." Section 1921(a) further states:

---

6. The Borough Code, supra; 53 Pa.C.S. §46202(39), (74).

7. Pennsylvania Consolidated Statutes, as amended by Act of December 10, 1974, P.L. 816, 1 Pa.C.S. §101 et seq., supplement.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the [legislative body]. Every statute shall be construed, if possible, to give effect to all its provisions."

Plaintiff maintains that the ordinance, by its plain words, does not control the present situation. He contends that section three refers to "water line extensions *required* to be installed" (emphasis supplied) and argues that the ordinance does not apply to him because he is not required to extend any borough water line. We note that although the word *require* has more than one meaning, its primary definition is "to have as a requisite; need." The American Heritage Dictionary (2d College Ed. 1982). With this definition in mind, as well as the fact that there are presently no water-lines in this area of the borough, we find that ordinance no. 112 does apply to plaintiff since water-line extensions need to be installed in order to supply water to that portion of the lots in plaintiff's development located in the borough.

Moreover, since neither the parties nor our research have revealed any other provision requiring developers to connect to the borough water system, to interpret the ordinance to apply only in situations where the developer is required to do so by legislative fiat would render the ordinance meaningless. Although not artfully drafted, the language in section three, in its entirety and in context, compels us to conclude that the Mountville Borough Council intended the ordinance to control the present situation.

Finally, plaintiff argues that Ordinance no. 112 does not apply to him since the ordinance is entitled, in pertinent part, "An ordinance . . . Regulating Extensions by Developers." Therefore, if the city sup-

plies water to the lots situated within the borough there will be no extensions of the borough water lines to which the ordinance will apply. Having decided that plaintiff is required to extend borough water lines into his development, this argument must fail.

Accordingly, we enter the following

## ORDER

And now, January 31, 1986, upon consideration of the stipulation of facts and trial briefs filed by plaintiff V. B. Zeigler, Inc. and defendant Borough of Mountville it is hereby declared that Mountville Borough Ordinance no. 112, section three, governs the instant dispute. The court orders that plaintiff shall connect to the borough water system and comply with Borough Ordinance no. 112, in the event that plaintiff desires to install water-line extensions in order to service the seven lots of his development located with the borough.